[899 NE2d 947, 870 NYS2d 841]

BRIGGS AVENUE LLC, Appellant, v INSURANCE CORPORATION OF HANNOVER, Respondent.

Argued October 14, 2008; decided November 20, 2008

**POINTS OF COUNSEL**

*Scher & Scher, P.C.*, Great Neck (*Robert A. Scher* and *Daniel J. Scher* of counsel), for appellant. I. This Court ought not to extend the purpose of Limited Liability Company Law § 301 beyond that for which it was enacted. (*Agoado Realty Corp. v United Intl. Ins. Co.*, 95 NY2d 141.) II. Oversights such as that of Briggs Avenue LLC should not prejudice the rights of either the insured or the injured parties, where the parties have proceeded diligently upon discovering the facts. III. This Court should interpret the policy provision in appellant's favor and hold that service upon the Secretary of State without actual delivery to appellant did not trigger the requirement to give notice of the suit under the policy issued by Insurance Corporation of Hannover. (*105 St. Assoc. LLC v Greenwich Ins. Co.*, 507 F Supp 2d 377; *26 Warren Corp. v Aetna Cas. & Sur. Co.*, 253 AD2d 375.) IV. It was not reasonably possible to give notice of the lawsuit within any prescribed time although it was given as soon as was reasonably possible. V. As a matter of law, respondent waived any claim that notice of the occurrence was late. (*General Acc. Ins. Group v Cirucci*, 46 NY2d 862.) VI. Respondent's disclaimer was based solely on late notice of suit. (*Fabian v Motor Veh. Acc. Indem. Corp.*, 111 AD2d 366; *Matter of State Farm Mut. Auto. Ins. Co. v Cooper*, 303 AD2d 414; *Matter of State Farm Mut. Auto. Ins. Co. v Joseph*, 287 AD2d 724; *John v Centennial Ins. Co.*, 91 AD2d 1104; *Matter of Eveready Ins. Co. v Dabach*, 176 AD2d 879; *Hazen v Otsego Mut. Fire Ins. Co.*, 286 AD2d 708; *Vanegas v Nationwide Mut. Fire Ins. Co.*, 282 AD2d 671; *United States Liab. Ins. Co. v Young*, 186 AD2d 644.) VII. If appellant was required to give notice of the occurrence, respondent has waived compliance with the policy provision requiring such notice. (*General Acc. Ins. Group v Cirucci*, 46 NY2d 862; *Hurley v First UNUM Life Ins. Co.*, 24 AD3d 509;

*Vacca v State Farm Ins. Co.*, 15 AD3d 473; *Fabian v Motor Veh. Acc. Indem. Corp.*, 111 AD2d 366.)

*White Fleischner & Fino, LLP,* New York City (*Nancy D. Lyness* of counsel), for respondent. I. The instant Court should be persuaded by and accept the sound rationale of existing case law and the opinions of the District and Circuit Courts herein. (*26 Warren Corp. v Aetna Cas. & Sur. Co.*, 253 AD2d 375; *FGB Realty Advisors v Norm-Rick Realty Corp.*, 227 AD2d 439; *Cedeno v Wimbledon Bldg. Corp.*, 207 AD2d 297; *Associated Imports v Amiel Publ.*, 168 AD2d 354.) II. The new legislative bill eradicating New York's long-standing no prejudice rule has no bearing upon this matter. III. Briggs Avenue LLC's first three points are unpreserved for appellate review by this Court. (*Bingham v New York City Tr. Auth.*, 99 NY2d 355; *Matter of Salino v Cimino*, 1 NY3d 166; *Elezaj v Carlin Constr. Co.*, 89 NY2d 992; *Cummins v County of Onondaga*, 84 NY2d 322; *Haynes v Haynes*, 83 NY2d 954.) IV. New York Limited Liability Company Law § 301 actually confirms that notice to the New York Secretary of State's office constitutes notice to the limited liability company. V. Briggs Avenue LLC's reliance upon New York's direct action statute is equally inapposite. (*Wraight v Exchange Ins. Co.*, 234 AD2d 916; *Jenkins v Burgos*, 99 AD2d 217; *Ringel v Blue Ridge Ins. Co.*, 293 AD2d 460.) VI. CPLR 317 and 318 also afford no basis for this Court to excuse the inexcusable. VII. *Agoado Realty Corp. v United Intl. Ins. Co.* (95 NY2d 141 [2000]) does not, as contended by Briggs Avenue LLC, suggest that notice to the Secretary of State does not, as a matter of law, constitute notice to defendant. VIII. Insurance Corporation of Hannover is a liability insurer, not a guarantor of Briggs Avenue LLC's liability to third parties. IX. Insurance Corporation of Hannover has not waived any of its notice defenses.

*Melito & Adolfsen P.C.,* New York City (*Ignatius John Melito, S. Dwight Stephens* and *David DePasquale* of counsel), and *Wiley Rein LLP,* Washington DC (*Laura A. Foggan* and *Benjamin J. Theisman* of counsel), for Complex Insurance Claims Litigation Association, amicus curiae. I. An insurance policy, like any other contract, is applied according to its plain terms. (*Graf v Hope Bldg. Corp.*, 254 NY 1; *Matter of Davis v Block & Smith, Inc.*, 297 NY 20; *Teichman v Community Hosp. of W. Suffolk*, 87 NY2d 514; *Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208; *Douglas v Knick. Life Ins. Co.*, 83 NY 492.) II. Timely notice is a fundamental condition precedent to insur-

ance coverage. (*Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436; *Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332; *AXA Mar. & Aviation Ins. [UK] Ltd. v Seajet Indus. Inc.*, 84 F3d 622; *American Ins. Co. v Fairchild Indus., Inc.*, 56 F3d 435; *Commercial Union Ins. Co. v International Flavors & Fragrances, Inc.*, 822 F2d 267; *Sparks v Transamerica Ins. Co.*, 141 F3d 1179; *Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517; *Morales v Gross*, 230 AD2d 7.) III. New York courts generally do not forgive one's inability to maintain a current address with the Secretary of State. (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436; *Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc.*, 29 AD3d 893; *Yellow Book of N.Y., Inc. v Weiss*, 44 AD3d 755; *Crespo v A.D.A. Mgt.*, 292 AD2d 5; *Metropolitan Steel Indus. v Rosenshein Hub Dev. Corp.*, 257 AD2d 422; *Niemiec v Niemiec*, 180 Misc 2d 207; *Malik v Cukrowski*, 172 Misc 2d 360; *Al-Dohan v Kouyoumjian*, 114 Misc 2d 170.)

## OPINION OF THE COURT

SMITH, J.

We hold that a liability insurer is entitled to disclaim coverage when the insured, because of its own error in failing to update the address it had listed with the Secretary of State, did not comply with a policy condition requiring timely notice of a lawsuit.

Briggs Avenue LLC is the owner of a building in the Bronx. The company was incorporated in 1999. Shaban Mehaj is its manager and only member. As required by Limited Liability Company Law § 301, Briggs's articles of organization designated the Secretary of State as its agent to receive service of process. The articles included Briggs's address, but Briggs later moved, and Mehaj did not notify the Secretary of State of the change. His explanation is that the lawyer who formed the company for him did not tell him of the need to keep the address updated.

In July 2003, a tenant of the building, Nelson Bonilla, began a personal injury action against Briggs, and served the summons and complaint on the Secretary of State. Because the Secretary of State did not have a current address for Briggs, Mehaj did not receive the summons and complaint and did not know that the lawsuit existed. He learned of it only in April 2004, when Bonilla served directly on Briggs a motion for a default judgment. Briggs then gave notice to its liability insurer, Insur-

ance Corporation of Hannover (ICH), of the claim against it. ICH promptly disclaimed coverage, relying among other things on a policy provision saying: "If a claim is made or 'suit' is brought against any insured, you must . . . [n]otify us as soon as practicable."

Briggs brought a declaratory judgment action in Supreme Court against ICH, asking that the insurer be required to defend the *Bonilla* case. ICH removed the action to the United States District Court for the Southern District of New York, and the District Court dismissed Briggs's complaint, holding that ICH's disclaimer was valid (2006 WL 1517606, 2006 US Dist LEXIS 34854 [2006]). Briggs appealed to the United States Court of Appeals for the Second Circuit, which certified to us the following question: "Upon all the facts of this case, given the terms of the insurance policy and the reason for the insured's failure to give more prompt notice of the lawsuit to the insurer, should the insurer's disclaimer of coverage be sustained?" (516 F3d 42, 49-50 [2008].)

Our answer to the question is yes.

The validity of ICH's disclaimer turns on whether Briggs complied with the condition of the policy requiring it to give notice of a lawsuit to ICH "as soon as practicable." Clearly, it did not. It was unquestionably practicable for Briggs to keep its address current with the Secretary of State, and thus to assure that it would receive, and be able to give, timely notice of the lawsuit. Briggs's failure to do so was simply an oversight.

Briggs relies on *Agoado Realty Corp. v United Intl. Ins. Co.* (95 NY2d 141 [2000]), in which we held that there was an issue of fact as to whether notice of a lawsuit was given "as soon as practicable." But *Agoado* is distinguishable. In that case, the Secretary of State sent documents to the insureds' lawyer, but the lawyer had died, and the insureds claimed they did not know of his death. Thus, in *Agoado* it may really have been impracticable for the insureds to find out about the lawsuit and give timely notice to the insurer. In this case, however, it is clear that the insured could have prevented the mishap.

Briggs's argument is essentially that its mistake was understandable; that it caused no prejudice to the insurer; and that the loss of insurance coverage is a harsh result. All this may be true, but it is irrelevant. We have long held, and recently reaffirmed, that an insurer that does not receive timely notice in accordance with a policy provision may disclaim coverage, whether

it is prejudiced by the delay or not (*Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]). While this rule produces harsh results in some cases, it also, by encouraging prompt notice, enables insurers to investigate claims promptly and thus to deter or detect claims that are ill-founded or fraudulent. The Legislature, weighing the competing interests at stake, has recently enacted legislation that strikes a different balance, more favorable to the insured (*see* L 2008, ch 388, §§ 2, 4 [amending Insurance Law § 3420, applicable to policies issued on or after January 17, 2009]), but that legislation has not yet become effective. The common-law no-prejudice rule applies to this case.

Accordingly, the certified question should be answered in the affirmative.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Following certification of a question by the United States Court of Appeals for the Second Circuit and acceptance of the question by this Court pursuant to section 500.27 of the Rules of Practice of the Court of Appeals (22 NYCRR 500.27), and after hearing argument by counsel for the parties and consideration of the briefs and the record submitted, certified question answered in the affirmative.