■ VLADIMIR NABUTOVSKY et al., Respondents-Appellants, v BURLINGTON INSURANCE COMPANY, Appellant-Respondent. [916 NYS2d 132]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendant's insured, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated July 1, 2009, as denied its cross motion for summary judgment dismissing the complaint, and the plaintiffs cross-appeal from so much of the same order as denied their motion for summary judgment on the complaint.

Ordered that the order is reversed insofar as appealed from,

on the law and the facts, and the defendant's cross motion for summary judgment dismissing the complaint is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

In September 2004 the plaintiffs were patrons at Rasputin Restaurant, which is owned and operated by RNF International Cuisine, Inc., doing business as Rasputin (hereinafter the insured), when they were injured by a third party who assaulted them with a broken bottle. Based upon this incident, the plaintiffs commenced an action against the insured to recover damages for personal injuries, which resulted in a default judgment against the insured.

Thereafter, pursuant to Insurance Law § 3420 (a) (2), the plaintiffs commenced the instant action to recover the amount of the unsatisfied judgment from the defendant, Burlington Insurance Company, the insured's insurance carrier. The plaintiffs moved for summary judgment on the complaint, and the defendant cross-moved for summary judgment dismissing the complaint, inter alia, on the basis that it validly disclaimed coverage due to late notice of the occurrence. The Supreme Court denied the motion and the coss motion.

The defendant established its prima facie entitlement to judgment as a matter of law on its cross motion by demonstrating that the insured failed to provide it with notice of the occurrence as soon as practicable and that its disclaimer was timely. An insurer is not obligated to pay for the loss of its insured in the absence of timely notice in accordance with the terms of the policy (see Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d 332 [2005]; Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp., 31 NY2d 436 [1972]; Power Auth. of State of N.Y. v Westinghouse Elec. Corp., 117 AD2d 336 [1986]). Where an insurance policy requires that notice of an occurrence be given "as soon as practicable," notice must be given within a reasonable time in view of all of the circumstances (see Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742, 743 [2005]; Ponok Realty Corp. v United Natl. Specialty Ins. Co., 69 AD3d 596 [2010]; 120 Whitehall Realty Assoc., LLC v Hermitage Ins. Co., 40 AD3d 719, 721 [2007]).

Here, the defendant demonstrated that the insured did not provide notice of the plaintiffs' personal injury claims until December 21, 2004, more than three months after the incident occurred, despite the insured's knowledge of the incident at the time it occurred. Under all of the circumstances, the insured did

not provide notice within a reasonable time. Moreover, the plaintiffs' provision of notice to the insurance broker for the insured did not constitute notice to the defendant (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d at 442 n 3; *Guayara v Hudson Ins. Co.*, 48 AD3d 628, 629 [2008]; *Escobar v Colonial Indem. Ins. Co.*, 22 AD3d 633, 634 [2005]; *Matter of First Cent. Ins. Co.*, 3 AD3d 494, 495 [2004]).

The defendant also established that its disclaimer was timely. The defendant had a duty to disclaim coverage in a timely manner because the occurrence at issue is governed by Insurance Law § 3420 (d) (*see Sphere Drake Ins. Co. v Block 7206 Corp.*, 265 AD2d 78 [2000]; *American Ref-Fuel Co. of Hempstead v Employers Ins. Co. of Wausau*, 265 AD2d 49 [2000]). The defendant's disclaimer of coverage, made approximately 30 days after receiving the notice of occurrence from the insured, satisfied the statute and was timely under the circumstances of this case (*see Interboro Mut. Indem. Ins. Co. v Fatsis*, 279 AD2d 450 [2001]; *Sphere Drake Ins. Co. v Block 7206 Corp.*, 265 AD2d 78 [2000]).

In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the defendant's cross motion for summary judgment dismissing the complaint should have been granted.

In light of our determination, we need not address the parties' remaining contentions. Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.