■ SHINDLA KONIG, Respondent, v HERMITAGE INSURANCE COMPANY, Defendant, and HARLEYSVILLE INSURANCE COMPANY, Appellant. [940 NYS2d 116]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendants' insureds, the defendant Harleysville Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated April 14, 2011, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it or, alternatively, pursuant to CPLR 3211 (a) (7) to dismiss the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant Harleysville Insurance Company which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted, and that branch of the motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint and all cross claims insofar as asserted against it is denied as academic.

On August 6, 2008, the plaintiff was injured when she slipped on an exterior staircase of a building located in Brooklyn (hereinafter the subject property), which was owned by 5324 New Utrecht Realty, Inc. (hereinafter the insured). At the time of the accident, the plaintiff was walking down the stairs from Boro Park Copy Corner, Inc. (hereinafter Copy Corner), to the sidewalk.

Between February 6, 2008, and February 6, 2009, the subject

property was insured under a deluxe business owners policy issued by the defendant Harleysville Insurance Company (hereinafter Harleysville) to the insured. The terms of the policy required the insured to notify Harleysville promptly of "an 'occurrence' that may result in a claim." The policy also provided that if a suit was brought against the insured, the insured was required to provide Harleysville with prompt written notice of it. The insured was also required to immediately forward any "demands, notices, summonses or legal papers" received by it to Harleysville.

The plaintiff commenced an action against the insured and Copy Corner to recover damages for personal injuries (hereinafter the underlying action). She effectuated service on the insured in the underlying action by delivering two copies of the summons and complaint to the Secretary of State on October 1, 2008. Thereafter, in December 2008, the plaintiff's counsel sent copies of the summons and complaint and affidavit of service to the insured and Copy Corner pursuant to CPLR 3215 (g) (4) with a cover letter advising them that he would move for leave to enter a default judgment against them if they failed to interpose answers to the complaint within 20 days.

Neither the insured nor Copy Corner answered the complaint. Consequently, in January 2009, the plaintiff moved for leave to enter a default judgment against both of them in the underlying action.

On February 10, 2009, the insured's insurance agent faxed a copy of the plaintiff's default judgment motion to Harleysville. The insurance agent also faxed a "General Liability Notice of Occurrence/Claim" form, dated February 9, 2009, which identified a "Mr. Heiman" as the contact for the insured.

In a letter dated February 26, 2009, Harleysville informed the insured that it was disclaiming coverage to the insured with respect to the underlying action on the ground that the insured failed to provide timely notice of the accident or of the underlying action, in violation of the terms of the policy Harleysville had issued to the insured. Harleysville stated that its investigation revealed that the insured had been aware of the accident on the date that it had occurred and that the Secretary of State had been served with the summons and complaint on October 1, 2008.

In a subsequent letter to counsel for the insured dated May 9, 2009, Harleysville advised that Heiman had stated that he was the owner of the building, which he leased to a business, and that he had been alerted about the accident on the date that it had occurred. Harleysville further stated that Heiman had no

explanation as to why the accident was not reported earlier and that the insured had been served in the underlying action on October 1, 2008.

In March 2009, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment against the insured and Copy Corner in the underlying action. On May 7, 2010, a judgment in the underlying action in favor of the plaintiff and against them in the total amount of $151,977.50 was entered.

The plaintiff then commenced this action against Harleysville and Copy Corner's insurer (hereinafter the subject action) pursuant to Insurance Law § 3420 (a) (2) to recover the amount of the unsatisfied judgment. After answering the complaint, Harleysville moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, or, alternatively, pursuant to CPLR 3211 (a) (7) to dismiss the complaint and all cross claims insofar as asserted against it. After hearing oral argument, the Supreme Court, inter alia, denied both branches of Harleysville's motion. Harleysville appeals, and we reverse the order insofar as appealed from.

Pursuant to Insurance Law § 3420 (a) (2), an injured person who has obtained an unsatisfied judgment against a tortfeasor may commence an action against the tortfeasor's insurer to recover the amount of the unsatisfied judgment, up to the policy limit (*see* Insurance Law § 3420 [a] [2]; *Lang v Hanover Ins. Co.*, 3 NY3d 350, 352 [2004]; *Marsala v Travelers Indem. Co.*, 50 AD3d 864, 865 [2008]).

Further, Insurance Law § 3420 (a) (3) gives the injured party an independent right to give notice of the accident to the insurer and to satisfy the notice requirement of the policy. "[W]hile an insured's failure to provide notice may justify a disclaimer vis-à-vis the insurer and the insured, it does not serve to cut off the right of an injured claimant to make a claim as against the insurer" (*Becker v Colonial Coop. Ins. Co.*, 24 AD3d 702, 704 [2005]). As such, the injured person " 'is not to be charged vicariously with the insured's delay' " (*id.* at 704, quoting *Lauritano v American Fid. Fire Ins. Co.*, 3 AD2d 564, 568 [1957], *affd* 4 NY2d 1028 [1958]). "However, where an injured party fails to exercise the independent right to notify an insurer of the occurrence, a disclaimer issued to an insured for failure to satisfy the notice requirement of the policy will be effective as against the injured party as well" (*Maldonado v C.L.-M.I. Props., Inc.*, 39 AD3d 822, 823 [2007]; *see Viggiano v Encompass Ins. Company/Fireman's Ins. Co. of Newark, N.J.*, 6 AD3d 695 [2004]; *see also Tower Ins. Co. of N.Y. v Alvarado*, 84 AD3d 1354, 1355 [2011]; *Sputnik Rest. Corp. v United Natl. Ins. Co.*, 62 AD3d 689, 690 [2009]).

Here, there is no evidence that the plaintiff independently notified Harleysville of her accident or the underlying action. Therefore, the viability of the subject action as against Harleysville hinged upon the validity of Harleysville's disclaimer to the insured based upon the insured's alleged failure to give timely notice of the occurrence and/or of the underlying action to Harleysville.

Provisions of an insurance policy requiring that an insured provide notice of an accident or claim "as soon as practicable" have been uniformly interpreted to require that "notice be given within a reasonable time under all the circumstances" (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441 [1972]; *see Sputnik Rest. Corp. v United Natl. Ins. Co.*, 62 AD3d 689 [2009]). Where no excuse or mitigating factor is offered, the reasonableness of the delay is determined as a matter of law (*see Deso v London & Lancashire Indem. Co. of Am.*, 3 NY2d 127, 129-130 [1957]; *Vernet v Eveready Ins. Co.*, 89 AD3d 725 [2011]).

Here, Harleysville established, prima facie, its entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against it by submitting an affidavit from one of its litigation specialists, who stated that the insured failed to provide notice of the underlying action to Harleysville until February 10, 2009, more than four months after the Secretary of State had been served with process on October 1, 2008. Harleysville also submitted a copy of the plaintiff's process server's affidavit stating that two copies of the summons and complaint had been delivered to the Secretary of State on behalf of the insured with respect to the underlying action (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742 [2005]; *Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d 748, 750 [1995]; *McGovern-Barbash Assoc., LLC v Everest Natl. Ins. Co.*, 79 AD3d 981, 983 [2010]; *Evangelos Car Wash, Inc. v Utica First Ins. Co.*, 45 AD3d 727 [2007]; *120 Whitehall Realty Assoc., LLC v Hermitage Ins. Co.*, 40 AD3d 719 [2007]).

In addition, a process server's affidavit of service ordinarily constitutes prima facie evidence of proper service (*see Goralski v Nadzan*, 89 AD3d 801, 801 [2011]; *Francis v Francis*, 48 AD3d 512 [2008]). Service was properly effectuated upon the insured, a corporation, in the underlying action when the plaintiff delivered a copy of the summons and verified complaint to the Secretary of State (*see* Business Corporation Law § 306 [b] [1]; CPLR 3215 [g] [4]; *Thas v Dayrich Trading, Inc.*, 78 AD3d 1163, 1164 [2010]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the insured had not been served in the underlying action and, thus, as she contended, the insured did not have notice of the underlying action until it received Harleysville's disclaimer letter dated February 26, 2009. Since the insured claimed to lack knowledge of the underlying action, it was the plaintiff's burden to demonstrate that the insured actually lacked knowledge of the underlying action (*see e.g. White v City of New York*, 81 NY2d 955, 957 [1993]; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d at 441). With respect to this issue, the affidavit of the principal of the insured, which the plaintiff submitted with her opposition papers, simply indicated that the insured did not receive the summons and complaint in the underlying action, without offering any explanation as to the reason. Conclusory denials of service are insufficient to raise an issue of fact (*see US Natl. Bank Assn. v Melton*, 90 AD3d 742, 743 [2011]; *Thas v Dayrich Trading, Inc.*, 78 AD3d 1163 [2010]; *Levine v Forgotson's Cent. Auto & Elec., Inc.*, 41 AD3d 552 [2007]). Thus, the plaintiff failed to raise a triable issue of fact with respect to whether the insured received the summons and complaint in the underlying action in October 2008. Consequently, no excuse was provided for the insured's failure to promptly notify, and immediately forward the pleadings to, Harleysville after being served with the summons and complaint by the Secretary of State and, subsequently, by plaintiff's counsel.

The plaintiff's remaining contention regarding summary judgment is not properly before this Court.

Accordingly, the Supreme Court should have granted that branch of Harleysville's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Harleysville's remaining contentions have been rendered academic in light of our determination. Angiolillo, J.P., Dickerson, Austin and Cohen, JJ., concur.