OPINION OF THE COURT
Edgar G. Walker, J.
Third-party defendant Century Surety Company (Century) moves for summary judgment, pursuant to CPLR 3212, to dismiss the third-party complaint on the ground that Century has no duty to defend or indemnify defendant/third-party plaintiff Prince Plaza, LLC (Prince Plaza) because of late notice of claim.
The motion raises the question, apparently of first impression, of whether the irrebuttable presumption of prejudice set forth in Insurance Law § 3420 (c) (2) (B) applies where a default judgment entered against an insured prior to notice is vacated after notice.
In the first-party action, plaintiffs seek damages from Prince Plaza for injuries allegedly sustained, on August 26, 2009, by an *337 employee of a general contractor hired to perform construction work at premises owned by Prince Plaza. On August 16, 2011, plaintiffs commenced the action by serving a summons and verified complaint on Prince Plaza via the office of the Secretary of State. On January 9, 2012, a default judgment was entered against Prince Plaza. Prince Plaza claims that it first received notice of the accident and lawsuit on or about February 24, 2012 when it received a copy of the default judgment with notice of entry from plaintiffs. On or about February 28, 2012, Prince Plaza filed a claim for coverage with Century through Prince Plaza’s insurance agent. Century claims it first received notice of the occurrence, claim and lawsuit on March 2, 2012. In a letter dated March 12, 2012, Century disclaimed coverage to Prince Plaza based on, inter alia, late notice. In a stipulation so-ordered on June 11, 2012, the default judgment against Prince Plaza was vacated on consent of the parties and the matter was restored to the active status calendar.
In its motion for summary judgment, Century argues that it has no obligation to defend or indemnify Prince Plaza in the first-party action because: (1) Prince Plaza failed to comply with the policy’s notice provision and (2) Insurance Law § 3420 (c) (2) (B) creates an irrebuttable presumption that Century has been prejudiced as a result of the late notice because Prince Plaza first provided notice of the occurrence, claim and first-party action after a default judgment was entered against it. In the alternative, Century argues that Insurance Law § 3420 (c) (2) (A) creates a presumption of prejudice because Prince Plaza failed to provide notice of the occurrence or claim within two years of the accident.
Under common law, and in a minority of jurisdictions, an insured’s unexcused failure to comply with a policy’s notice provision by failing to provide notice to the insurer within a reasonable amount of time results in a complete forfeiture of coverage. (See Eric Tausend, “No-Prejudice” No More: New York and the Death of the No-Prejudice Rule, 61 Hastings LJ 497, 499 [2009]; Eugene R. Anderson et al., Draconian Forfeitures of Insurance: Commonplace, Indefensible, and Unnecessary, 65 Fordham L Rev 825, 836 [1996].) The common-law rule is generally referred to as the “no-prejudice” rule because, under this rule, the insurer does not need to show that it was prejudiced by the late notice for it to deny coverage under the policy.
By contrast, the modern trend and the majority position is to use the “notice-prejudice” rule. (See Tausend, 61 Hastings LJ *338 at 500.) Under the notice-prejudice rule, late notice alone is insufficient for an insurer to deny coverage. Rather, to deny coverage in most states applying the notice-prejudice rule, the insurer must show that it was somehow prejudiced by the late notice from the insured. (Id.)
Prior to 2009, liability insurers in New York were not required to show any prejudice as a result of late notice in order to disclaim coverage. Recognizing the hardship oftentimes placed on insureds and injured parties under the no-prejudice rule and to bring New York into the mainstream, the legislature amended Insurance Law § 3420 and adopted a notice-prejudice standard for policies issued or delivered in New York on or after January 19, 2009. (See L 2008, ch 388.) The bill passed unanimously in both the Senate and the Assembly.
In his memorandum in support of the bill, Senator DeFrancisco, the bill’s primary sponsor, stated that
“New York is in the minority of states in the country because most states require insurers to suffer some form of prejudice before coverage may properly be denied for late notice. Current law, therefore, leads to an inequitable outcome with insurers collecting billions of dollars in premiums annually, and disclaiming coverage over an inconsequential technicality. . . .
“This bill therefore prevents insurers from denying coverage for claims based on a technicality. It also eliminates the extreme hardship placed on those who pay their premiums timely only to find at a time of need that their policy is not available.” (Senate Introducer Mem in Support, L 2008, ch 388 at 9.)
In a letter to Governor David Paterson, in support of the bill, Assemblywoman Helene E. Weinstein wrote:
“At present, an insurer who has collected premiums is simply free to disclaim coverage upon receiving late notice of a claim, notwithstanding that they may not have been prejudiced at all by . . . receiving such late notice. It should be noted that this bill is of particular significance to small business owner insureds who may not have timely notified their insurer, yet who are presently penalized for same even if the insurer has not been prejudiced.
“It is respectfully submitted that this progressive, forward thinking legislation will benefit insureds, *339 injured parties, and the administration of justice, all without prejudicing the rights of insurers or tortfeasors to assert substantive defenses to claims. Overall, the bill will insure that claims against insurers are ultimately resolved upon the merits, as opposed to arcane legal technicalities.” {See Letter from Helene E. Weinstein, NY Assembly Member, to David Paterson, July 16, 2008, Bill Jacket, L 2008, ch 388 at 6.)
In his letter in support of the bill, New York’s Superintendent of Insurance, Eric R. Dinallo, commented:
“As noted above, this bill’s dual goals—streamlining litigation and prohibiting the denial of coverage for mere technicalities—are sound, and hopefully we can enact a bill that accomplishes these important goals in a manner that protects the interests of claimants, policyholders and insurers alike.
“During the past year, this Department worked with the Governor’s office, industry and other interested parties to ensure that the necessary consumer protections were implemented in a manner that was also fair to both insureds and insurers, and which brings New York into the mainstream with respect to establishing a prejudice standard. This bill accomplishes this delicate balancing act.” {See Letter from Eric R. Dinallo, Superintendent of Insurance, to Terryl Brown Clemons, Acting Counsel to the Governor, July 14, 2008, Bill Jacket, L 2008, ch 388 at 15.)
In pertinent part, Insurance Law § 3420 provides that
“(a) No policy or contract insuring against liability for injury to person . . . shall be issued or delivered in this state, unless it contains in substance the following provisions or provisions that are equally or more favorable to the insured and to judgment creditors . . .
“(4) A provision that failure to give any notice required to be given by such policy within the time prescribed therein shall not invalidate any claim made by the insured, an injured person or any other claimant if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible thereafter.
“(5) A provision that failure to give any notice *340 required to be given by such policy within the time prescribed therein shall not invalidate any claim made by the insured, injured person or any other claimant, unless the failure to provide timely notice has prejudiced the insurer, except as provided in paragraph four of this subsection. . . .
“(c) (2) (B) Notwithstanding subparagraph (A) of this paragraph, an irrebuttable presumption of prejudice shall apply if, prior to notice, the insured’s liability has been determined by a court of competent jurisdiction or by binding arbitration; or if the insured has resolved the claim or suit by settlement or other compromise.”
In support of the motion, Century argues that the statutory language is clear and unambiguous and creates an irrebuttable presumption that Century was prejudiced because it did not receive notice until after a default judgment had already been entered against Prince Plaza. In her affirmation, Century’s counsel asserts that “[t]his presumption is not changed merely because after providing notice to the insurer and a disclaimer issued, Prince Plaza was able to have the judgment vacated.”
In his affirmation in opposition to the motion, Prince Plaza’s counsel asserts that “the use of [the language] ‘has been’ implies that liability was not only determined in the past, but it is also still valid and not vacated.” Therefore, counsel contends, an irrebuttable presumption of prejudice was created but disappeared when the default judgment was vacated.
“It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature.” (See Patrolmen’s Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208 [1976].) The starting point in any case of statutory interpretation must always be the language itself. (See Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998].) “Where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used.” (See Patrolmen’s Benevolent Assn. at 208.) However, the literal language of a statute is not always controlling, particularly where the plain intent and purpose of a statute would be defeated. (See Bright Homes v Wright, 8 NY2d 157, 161-162 [1960].)
Here, while Prince Plaza’s liability “had” been established, it no longer “has been” established because the default *341 judgment was vacated and the matter is currently pending on the active status calendar. Therefore, based on the plain language of the statute, the irrebuttable presumption of prejudice does not apply.
This interpretation of the statute is consistent with the express legislative intent of preventing insurers from denying coverage for claims based on a technicality. Here, the default judgment was vacated on consent of the parties approximately three months after Century received notice. There is no evidence that Century expended any time or resources to have the judgment vacated. Nor has Century alleged that it has, in fact, been prejudiced in any way. Under these circumstances, it is the court’s view that applying an irrebuttable presumption that Century has been prejudiced would allow Century to disclaim coverage over an inconsequential technicality. This is precisely what the legislature intended to prevent.
Further, the irrebuttable presumption is clearly intended to apply in cases where an insurer has had no opportunity to defend against a claim or negotiate a more favorable settlement, as in those cases the prejudice to the insurer is clear. Here, Century will have a full opportunity to defend against the claims asserted in the first-party action and/or negotiate a favorable settlement.
Moreover, once the default judgment was vacated there remained no rational basis for applying the presumption. Presumptions are useful devices for allocating the burden of proof between the parties and have arisen out of considerations of fairness, public policy and probability, as well as judicial economy. (See Basic Inc. v Levinson, 485 US 224, 245 [1988], citing E. Cleary, McCormick on Evidence 968-969 [3d ed 1984].) As reflected in the legislative history of the amendment, it is both fair and good public policy that liability claims against insurers be resolved on their merits rather than on technicalities. At the same time, the court is mindful of the probability of prejudice to an insurer by an adverse judgment or the inability to participate in settlement negotiations. In such cases, it makes sense to apply a presumption of prejudice to save time and judicial resources. Indeed, had the judgment herein not been vacated, it would have made sense to apply a presumption that Century suffered prejudice. However, once that judgment was vacated, without any effort on the part of Century, the rationale for applying that presumption was extinguished.
Based on the foregoing, the court finds that Insurance Law § 3420 (c) (2) (B) is not applicable here.
*342 In the alternative, Century argues that Insurance Law § 3420 (c) (2) (A) creates a presumption of prejudice in this case because Prince Plaza failed to provide notice of the occurrence or claim within two years of the accident.
Insurance Law § 3420 (c) (2) (A) provides that
“(2) (A) In any action in which an insurer alleges that it was prejudiced as a result of a failure to provide timely notice, the burden of proof shall be on: (i) the insurer to prove that it has been prejudiced, if the notice was provided within two years of the time required under the policy; or (ii) the insured, injured person or other claimant to prove that the insurer has not been prejudiced, if the notice was provided more than two years after the time required under the policy.”
Century contends that this subparagraph places the burden on Prince Plaza to prove that Century has not been prejudiced since notice was provided to Century more than three years after the accident. However, this subparagraph expressly provides that Prince Plaza would have that burden only if notice was provided more than two years “after the time required under the policy.” The policy requires that notice of the occurrence and/or lawsuit be provided “as soon as practicable.” As such, the policy does not necessarily require notice immediately after an occurrence and/or the commencement of a lawsuit.
In his affidavit, Henry C. Lam, a member of Prince Plaza, states that Prince Plaza first became aware of the accident after the default judgment was entered against it. Mr. Lam also states that the first-party plaintiff was employed by a contractor hired by Prince Plaza to perform construction work at premises owned by Prince Plaza. According to Mr. Lam, Prince Plaza did not direct, control or supervise the work, had no presence at the construction site and was not informed of the accident by the employee or the contractor. Because Prince Plaza failed to notify the office of the Secretary of State of its change in address in 2009, Mr. Lam states, it did not receive a copy of the summons and complaint until after the default.
As Century notes, the failure to maintain a correct address with the office of the Secretary of State is, in itself, insufficient to excuse late notice to an insurer. (See Briggs Ave. LLC v Insurance Corp. of Hannover, 11 NY3d 377 [2008].) However, the uncontroverted affidavit of Mr. Lam establishes that, had Prince Plaza updated its address with the office of the Secretary *343 of State, it would not have known about the accident until shortly after August 26, 2011, when the summons and complaint were served upon the Secretary of State. As such, it would not have been practicable for Prince Plaza to have provided notice to Century prior to that time. In her affidavit, Century’s claim attorney states that Century first received notice of the occurrence and lawsuit on March 2, 2012. As such, notice was provided to Century within two years of the time required under the policy. Accordingly, under Insurance Law § 3420 (c) (2) (A) (i), Century has the burden to prove that it has been prejudiced.
Given the court’s finding that Insurance Law § 3420 (c) (2) (B) is inapplicable here and in the absence of any allegations or proof that Century has, in fact, been prejudiced by the delay in receiving notice, the motion is denied.