■ CASTLEPOINT INSURANCE COMPANY, Respondent, v HILMAND REALTY, LLC, et al., Appellants. [13 NYS3d 406]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered on or about November 14, 2013, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment declaring that it has no duty to defend and indemnify defendants Hilmand Realty, LLC and Anayatulla Shariff in the underlying action, unanimously affirmed, without costs.

The doctrine of judicial estoppel, or estoppel against incon-

sistent positions, does not bar plaintiff from denying coverage to defendants Hilmand Realty, LLC and Anayatulla Shariff in the underlying personal injury action (*see generally Becerril v City of N.Y. Dept. of Health & Mental Hygiene*, 110 AD3d 517, 519 [1st Dept 2013], *lv denied* 23 NY3d 905 [2014]). Plaintiff did not take factually inconsistent positions in hiring counsel to represent its insureds in vacating their default in the personal injury action, thereby allowing for a continued defense and preservation of the insureds' rights, and moving for a declaration that coverage under the policy was vitiated by untimely notice of claim in the event coverage was triggered.

Nor was plaintiff a party to the personal injury action. Moreover, in the personal injury action, the court found that Hilmand had not received the summons and complaint, but vacated the default on the ground that Hilmand had been unaware that its address on file with the Secretary of State was incorrect and had not intentionally tried to avoid service. In this declaratory judgment action, however, the fact that Hilmand did not actually receive the summons and complaint in the underlying action, due to its failure to keep its address on file with the Secretary of State current, does not excuse its noncompliance with the notice provisions of the insurance policy (*see e.g. SP & S Assoc., LLC v Insurance Co. of Greater N.Y.*, 80 AD3d 529 [1st Dept 2011]).

To the extent defendants argue that plaintiff was not prejudiced by the late notice, the argument is unavailing as to the subject pre-2009 policy (*see Briggs Ave. LLC v Insurance Corp. of Hannover*, 11 NY3d 377, 381-382 [2008]). Concur—Gonzalez, P.J., Friedman, Renwick, Moskowitz and Clark, JJ.