Dritsanos v Mt. Hawley Ins. Co. (2020 NY Slip Op 01046)





Dritsanos v Mt. Hawley Ins. Co.


2020 NY Slip Op 01046


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-09714
 (Index No. 507466/16)

[*1]George Dritsanos, appellant, 
v
Mt. Hawley Insurance Company, respondent.


Sacco & Fillas, LLP, Astoria, NY (Luigi Brandimarte and Mikhail Sheynker of counsel), for appellant.
Kenney Shelton Liptak Nowak LLP, Buffalo, NY (Elsa J. Schmidt and Timothy E. Delahunt of counsel), for respondent.



DECISION & ORDER
In an action pursuant to Insurance Law § 3420(a)(2) to recover the amount of an unsatisfied judgment in favor of the plaintiff and against the defendant's insured, and for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated August 8, 2017. The order denied the plaintiff's motion for summary judgment on the complaint and declaring that the defendant is obligated to defend and indemnify its insured, and granted the defendant's cross motion for summary judgment dismissing the complaint and declaring that the defendant's disclaimer of coverage is valid.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the defendant's disclaimer of coverage is valid.
On July 18, 2008, the plaintiff allegedly was stabbed at a nightclub in Brooklyn, which was owned and operated by Ambela Corp. (hereinafter Ambela). On that date, Ambela was insured under a commercial general liability policy issued by Mt. Hawley Insurance Company (hereinafter Mt. Hawley). On December 9, 2008, the plaintiff commenced an action to recover damages for personal injuries against, among others, Ambela. Mt. Hawley was first notified of the personal injury action by letter dated June 22, 2009, from Robert Pollack, an insurance broker. In the letter, Pollack referenced the policy number and the name of the insured, Ambela. Pollack asserted that his office did not receive notice of the occurrence until June 8, 2009, and that no injury occurred on the subject premises. Enclosed with Pollack's letter was a copy of the plaintiff's supplemental summons and amended verified complaint served on Ambela by delivery to the Secretary of State on February 17, 2009.
By letter dated July 1, 2009, Mt. Hawley disclaimed coverage on the basis of Ambela's untimely notice of claim. On December 12, 2014, the plaintiff was awarded a default judgment in the principal sum of $75,000 against Ambela and the alleged assailant. Neither debtor paid any part of the judgment. In May 2016, the plaintiff commenced this action pursuant to Insurance Law § 3420(a)(2) to recover the amount of the unsatisfied judgment from Mt. Hawley, and for declaratory relief. The plaintiff subsequently moved for summary judgment on the complaint and [*2]declaring that Mt. Hawley is obligated to defend and indemnify Ambela in connection with the July 18, 2008, incident. Mt. Hawley cross-moved for summary judgment dismissing the complaint and declaring that its disclaimer of coverage is valid. The Supreme Court denied the plaintiff's motion and granted Mt. Hawley's cross motion. The plaintiff appeals.
" Insurance Law § 3420(a)(2) expressly permits an injured party to recover any unsatisfied judgment against an insured, directly from the insurer'" (Mt. Hawley Ins. Co. v Seville Elecs. Trading Corp., 139 AD3d 921, 923, quoting Becker v Colonial Coop. Ins. Co., 24 AD3d 702, 704). "Insurance Law § 3420(a)(3) requires the injured party to demonstrate that he or she acted diligently in attempting to ascertain the identity of the insurer, and thereafter expeditiously notified the insurer" (Mt. Hawley Ins. Co. v Seville Elecs. Trading Corp., 139 AD3d at 923; see Steinberg v Hermitage Ins. Co., 26 AD3d 426, 428). " However, where an injured party fails to exercise the independent right to notify an insurer of the occurrence, a disclaimer issued to an insured for failure to satisfy the notice requirement of the policy will be effective as against the injured party as well'" (Konig v Hermitage Ins. Co., 93 AD3d 643, 645, quoting Maldonado v C.L.-M.I. Props., Inc., 39 AD3d 822, 823). The subject insurance policy was issued and provided coverage prior to an amendment to Insurance Law § 3420 that requires an insurer to show prejudice in order to disclaim coverage based on untimely notice. Therefore, Mt. Hawley was not required to show that it was prejudiced by Ambela's untimely notice (see Briggs Ave. LLC v Insurance Corp. of Hannover, 11 NY3d 377, 382).
Here, Mt. Hawley established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff did not act diligently in attempting to ascertain the identity of the insurer, and thereafter did not expeditiously notify the insurer. The plaintiff's actions in hiring an attorney, commencing an action against the insured, and encouraging the insured to contact its insurer are insufficient to show that the plaintiff made diligent efforts to ascertain the identity of the insurer (see Glanz v New York Mar. & Gen. Ins. Co., 150 AD3d 704). As to the second element of prompt notification, the plaintiff contends that he independently notified Mt. Hawley of the claim when Pollack enclosed a copy of the supplemental summons and amended complaint with his June 22, 2009, letter to Mt. Hawley. The plaintiff's contention lacks merit, as Pollack's letter indicates that he was acting as Ambela's agent, and not on behalf of the plaintiff, when he notified Mt. Hawley of the underlying action (see Tower Ins. Co. of N.Y. v Lin Hsin Long Co., 50 AD3d 305, 309; see also Konig v Hermitage Ins. Co., 93 AD3d 643; Steinberg v Hermitage Ins. Co., 26 AD3d 426). Thus, the plaintiff failed to raise a triable issue of fact as to whether he "acted diligently in attempting to ascertain the identity of the insurer, and thereafter expeditiously notified the insurer" of his claim (Glanz v New York Mar. & Gen. Ins. Co., 150 AD3d at 705).
It follows that the viability of the plaintiff's action to recover the amount of the unsatisfied judgment against Mt. Hawley hinges upon the validity of Mt. Hawley's disclaimer to Ambela (see Konig v Hermitage Ins. Co., 93 AD3d at 646). Provisions of an insurance policy which require that an insured provide notice of an occurrence or claim " as soon as practicable,'" as did the policy in effect here, have been interpreted as requiring that " notice be given within a reasonable time under all the circumstances'" (id., quoting Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp., 31 NY2d 436, 441). Upon receipt of Pollack's letter dated June 22, 2009, Mt. Hawley investigated the claim and learned that Ambela had been served with process at the Secretary of State's office on February 17, 2009, but that the copy of process sent to Ambela's address of record was returned as "attempted unknown/not known." Thus, in failing to keep its address current with the Secretary of State, Ambela foreclosed the possibility of receiving service of process and notifying Mt. Hawley thereof as soon as practicable, and its four-month delay in doing so was unreasonable as a matter of law (see Briggs Ave. LLC v Insurance Corp. of Hannover, 11 NY3d at 381). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact as to the existence of a reasonable excuse for Ambela's delay (see McGovern-Barbash Assoc., LLC v Everest Natl. Ins. Co., 79 AD3d 981, 983).
The plaintiff's remaining contention is not properly before this Court.
Accordingly, we agree with the Supreme Court's determination granting Mt. [*3]Hawley's cross motion for summary judgment dismissing the complaint and declaring that its disclaimer of coverage is valid, and denying the plaintiff's motion, inter alia, for summary judgment on the complaint. Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that Mt. Hawley's disclaimer of coverage is valid (see Lanza v Wagner, 11 NY2d 317).
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court