ZLv Zurich Am. Ins. Co. (2023 NY Slip Op 01322)

ZLv Zurich Am. Ins. Co.

2023 NY Slip Op 01322

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-05794
 (Index No. 514786/18)

[*1]ZL, etc., et al., plaintiffs-appellants,
v
Zurich American Insurance Company, respondent, Educational Institute Oholei Torah of Brooklyn, Inc., defendant-appellant.

Bernstone & Grieco, LLP, New York, NY (Peter B. Croly of counsel), for plaintiffs-appellants.
Lipsius-BenHaim Law LLP, Kew Gardens, NY (Ira S. Lipsius, David BenHaim, and Abraham Jacob Jeger of counsel), for defendant-appellant.
Coughlin Duffy LLP, New York, NY (Steven G. Adams and Achille Alipour of counsel), for respondent.

DECISION & ORDER
In an action, in effect, pursuant to Insurance Law § 3420(a)(2) to recover the amount of an unsatisfied judgment in favor of the plaintiffs and against the defendant Educational Institute Oholei Torah of Brooklyn, Inc., the insured of the defendant Zurich American Insurance Company, and for declaratory relief, the plaintiffs appeal, and the defendant Educational Institute Oholei Torah of Brooklyn, Inc., separately appeals, from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated July 6, 2020. The order, insofar as appealed from by the plaintiffs, granted the motion of the defendant Zurich American Insurance Company, in effect, for summary judgment dismissing the cause of action pursuant to Insurance Law § 3420(a)(2) insofar as asserted against it and declaring that it has no obligation to satisfy the judgment entered in favor of the plaintiffs and against the defendant Educational Institute Oholei Torah of Brooklyn, Inc., in an underlying action entitled ZL v Educational Institute Oholei Torah of Brooklyn, Inc., commenced in the Supreme Court, Kings County, under Index No. 504063/17, and, in effect, denied that branch of the plaintiffs' cross-motion which was for summary judgment on the complaint insofar as asserted against the defendant Zurich American Insurance Company. The order, insofar as appealed from by the defendant Educational Institute Oholei Torah of Brooklyn, Inc., granted the motion of the defendant Zurich American Insurance Company, in effect, for summary judgment dismissing the cause of action pursuant to Insurance Law § 3420(a)(2) insofar as asserted against it and declaring that it has no obligation to satisfy the judgment entered in favor of the plaintiffs and against the defendant Educational Institute Oholei Torah of Brooklyn, Inc., in the underlying action.
ORDERED that the appeal by the defendant Educational Institute Oholei Torah of Brooklyn, Inc., is dismissed, as it is not aggrieved by the portion of the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the plaintiff, and [*2]the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the defendant Zurich American Insurance Company has no obligation to satisfy the judgment entered in favor of the plaintiffs and against the defendant Educational Institute Oholei Torah of Brooklyn, Inc., in the underlying action entitled ZL v Educational Institute Oholei Torah of Brooklyn, Inc., commenced in the Supreme Court, Kings County, under Index No. 504063/17; and it is further,
ORDERED that one bill of costs is awarded to the defendant Zurich American Insurance Company.
On November 21, 2007, the infant plaintiff, who was then six years old, allegedly sustained personal injuries when he fell from a slide in a playground located at a school owned and operated by the defendant Educational Institute Oholei Torah of Brooklyn, Inc. (hereinafter Oholei Torah). On the date of the alleged incident, employees of Oholei Torah prepared an accident report. On that date, Oholei Torah was insured under a policy issued by the defendant Zurich American Insurance Company (hereinafter Zurich). The terms of the policy required Oholei Torah to notify Zurich "as soon as practicable" of an "occurrence" or "an offense which may result in a claim."
In December 2007, the plaintiffs commenced an action against Oholei Torah (hereinafter the 2007 action), inter alia, to recover damages for personal injuries allegedly sustained by the infant plaintiff on November 21, 2007. On February 1, 2008, Oholei Torah was served with the summons and complaint in the 2007 action. On February 13, 2008, Zurich received notice of the 2007 action. By letter dated February 22, 2008, Zurich disclaimed coverage because Oholei Torah's notice of claim was untimely under the terms of the policy.
Thereafter, on March 1, 2017, the plaintiffs commenced another action against Oholei Torah, entitled ZL v Educational Institute Oholei Torah of Brooklyn, Inc., in the Supreme Court, Kings County, under Index No. 504063/17 (hereinafter the underlying action), inter alia, to recover damages allegedly sustained by the infant plaintiff on November 21, 2007. Upon Oholei Torah's failure to appear or answer the complaint in the underlying action, the Supreme Court entered a judgment on June 12, 2018, in favor of the plaintiffs and against Oholei Torah (hereinafter the judgment).
On July 19, 2018, the plaintiffs commenced the instant action, in effect, pursuant to Insurance Law § 3420(a)(2) to recover the amount of the judgment from Zurich, and for declaratory relief. Zurich moved, in effect, for summary judgment dismissing the cause of action pursuant to Insurance Law § 3420(a)(2) insofar as asserted against it and declaring that it has no obligation to satisfy the judgment. The plaintiff cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against Zurich. The Supreme Court granted Zurich's motion and, in effect, denied that branch of the plaintiffs' cross-motion.
"'Insurance Law § 3420(a)(2) expressly permits an injured party to recover any unsatisfied judgment against an insured, directly from the insurer'" (Mt. Hawley Ins. Co. v Seville Elecs. Trading Corp., 139 AD3d 921, 923, quoting Becker v Colonial Coop. Ins. Co., 24 AD3d 702, 704). "Insurance Law § 3420(a)(3) requires the injured party to demonstrate that he or she acted diligently in attempting to ascertain the identity of the insurer, and thereafter expeditiously notified the insurer" (Mt. Hawley Ins. Co. v Seville Elecs. Trading Corp., 139 AD3d at 923; see Steinberg v Hermitage Ins. Co., 26 AD3d 426, 428). The subject insurance policy was issued and provided coverage prior to an amendment to Insurance Law § 3420 that requires an insurer to show prejudice in order to disclaim coverage based on untimely notice. Therefore, Zurich was not required to show that it was prejudiced by the plaintiffs' untimely notice (see Briggs Ave. LLC v Insurance Corp. of Hannover, 11 NY3d 377, 382).
Zurich established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiffs did not act diligently in attempting to ascertain Zurich's identity as the insurer, and thereafter did not expeditiously notify Zurich of their claim (see Dritsanos v Mt. Hawley Ins. Co., 180 AD3d 753, 755; Glanz v New York Mar. & Gen. Ins. Co., 150 AD3d 704, 705). [*3]In opposition, the plaintiffs failed to raise a triable issue of fact.
Further, an insurer is not obligated to pay for the loss of its insured in the absence of timely notice in accordance with the terms of the policy (see Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d 332, 339; Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp., 31 NY2d 436, 440-443). Where an insurance policy requires that notice of an occurrence be given "as soon as practicable," notice must be given within a reasonable time in view of all of the circumstances (see Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742, 743).
Here, Zurich demonstrated, prima facie, that Oholei Torah failed to provide it with notice of the occurrence as soon as practicable, and that its disclaimer was timely (see Nabutovsky v Burlington Ins. Co., 81 AD3d 615, 616; McGovern-Barbash Assocs., LLC v Everest Nat. Ins. Co., 79 AD3d 981, 983). Zurich demonstrated, prima facie, that Oholei Torah did not provide notice of the plaintiffs' claim until nearly three months after the incident occurred, despite Oholei Torah's knowledge of the alleged incident at the time it occurred. In opposition to Zurich's prima facie showing, the plaintiffs failed to raise a triable issue of fact as to the existence of a reasonable excuse for Oholei Torah's delay (see Dritsanos v Mt. Hawley Ins. Co., 180 AD3d at 756; McGovern-Barbash Assoc., LLC v Everest Natl. Ins. Co., 79 AD3d at 983).
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted Zurich's motion, in effect, for summary judgment dismissing the cause of action pursuant to Insurance Law § 3420(a)(2) insofar as asserted against it and declaring that it has no obligation to satisfy the judgment, and properly, in effect, denied that branch of the plaintiffs' cross-motion which was for summary judgment on the complaint insofar as asserted against Zurich. Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that Zurich has no obligation to satisfy the judgment obtained in the underlying action (see Lanza v Wagner, 11 NY2d 317, 334).
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court