■ AMERICAN HOME ASSURANCE COMPANY et al., Plaintiffs, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, AYSHA Z. SIDDIQUI et al., Defendants, and ARNOLD GOSHIN, Appellant. [717 NYS2d 224] —In an action for a judgment declaring, *inter alia,* that State Farm Mutual Automobile Insurance Company has an obligation to defend and indemnify the defendants Aysha Z. Siddiqui and Michelle V. Weithers in a wrongful death action entitled *Goshin v Siddiqui* pending in the Supreme Court, Queens County, the defendant Arnold Goshin appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Shifrin, R.), dated January 12, 2000, as declared that State Farm Mutual Automobile Insurance Company is not obligated to defend or indemnify Aysha Z. Siddiqui and Michelle V. Weithers in the wrongful death action.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The decedent Harry Fisher was killed when he was struck by a car in Queens on November 3, 1993. The offending vehicle

was insured by State Farm Mutual Automobile Insurance Company (hereinafter State Farm). The defendant Arnold Goshin, Fisher's relative, was advised in October 1994 of a potential wrongful death action by an attorney, Lance Harris, who was retained to probate Fisher's estate. The wrongful death action was also discussed in October 1994 with a second attorney, David Gendelman. Goshin eventually retained Gendelman to commence the wrongful death action. Goshin was issued letters of administration for Fisher's estate in September 1995, and Gendelman notified State Farm of the wrongful death action in October 1995. State Farm disclaimed coverage on November 8, 1995, on the ground that the notice of the accident was untimely.

Pursuant to Insurance Law § 3420 (a) (3), written notice by or on behalf of the injured party shall be deemed notice to the carrier. The notice must be given as soon as reasonably possible (see, Insurance Law § 3420 [a] [4]), and the injured party has the burden of proving that he or she, or counsel acted diligently in attempting to ascertain the identity of the insurer and, thereafter, expeditiously notified the insurer (see, Serravillo v Sterling Ins. Co., 261 AD2d 384; Eveready Ins. Co. v Chavis, 150 AD2d 332).

We agree with the Supreme Court that Goshin failed to meet his burden of proving that he or the attorneys he consulted in this matter acted diligently in identifying State Farm as the insurance carrier of the offending vehicle and thereafter expeditiously notifying State Farm of the accident. Assuming that the initial delay in providing notice was excusable because Goshin was a Florida resident and was unaware of the particulars of the accident, he knew by October 1994 of the potential for a wrongful death action. The delay of seven months thereafter in obtaining the police report of the accident was unreasonable, and no satisfactory explanation was provided for the subsequent delay in contacting the New York State Department of Motor Vehicles for insurance information (see, State Farm Mut. Auto. Ins. Co. v Romero, 109 AD2d 786; Eveready Ins. Co. v Chavis, supra). The Supreme Court properly rejected the argument that the delay was excusable because no personal representative of Fisher's estate was appointed until September 1995 (see, Kramer v Government Empls. Ins. Co., 269 AD2d 567). Accordingly, the notice to State Farm was untimely, and the Supreme Court properly declared that State Farm was not obligated to defend or indemnify its insureds in the pending wrongful death action.

The appellant's remaining contentions are without merit. Bracken, J. P., O'Brien, Santucci and McGinity, JJ., concur.