■ Peisach Ringel et al., Appellants, v Blue Ridge Insurance Company, Respondent, et al., Defendant. [740 NYS2d 109] —In an action for a judgment declaring that the defendant Blue Ridge Insurance Company has an obligation to defend and indemnify the defendant Pessie Orlander in an underlying action entitled Ringel v Orlander, pending in the Supreme Court, Kings County, under Index No. 7209/97, the plaintiffs appeal from so much of an order and judgment (one paper) of

the Supreme Court, Kings County (Dabiri, J.), dated October 30, 2000, as granted the motion of the defendant Blue Ridge Insurance Company for summary judgment and declared that Blue Ridge Insurance Company had no such duty.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

In December 1996 the injured plaintiff tripped at the home of the defendant Pessie Orlander. In March 1997, the injured plaintiff and his wife commenced an action against Orlander alleging, inter alia, that she was negligent in the ownership, maintenance, and control of the premises.

Orlander was covered by a homeowner's liability insurance policy issued by the defendant Blue Ridge Insurance Company (hereinafter Blue Ridge). Pursuant to the policy, Orlander was required to give Blue Ridge written notice of any potential claims "as soon as [was] practical." Orlander's insurance broker forwarded notice of the action to Blue Ridge's agent on May 26, 1997, and the agent proceeded to forward a copy to Blue Ridge two days later. Thus, approximately five months passed from the date of the accident until notification of the pending action was sent to Blue Ridge.

On June 19, 1997, Blue Ridge requested and was granted a 30-day extension of time to answer. However, after learning that Orlander was aware of the accident on the date it occurred or on the following day, by letter dated June 26, 1997, Blue Ridge disclaimed coverage on the ground that Orlander, as the insured, failed to provide it with timely notice of the accident pursuant to the terms of the policy. Thereafter, Orlander did not answer or appear to defend against the injured plaintiff's allegations, and in December 1997, an order was issued directing judgment against Orlander on the issue of liability.

The plaintiffs subsequently commenced the instant action against Blue Ridge in March 1998, seeking a declaration that Blue Ridge was required to defend Orlander in the underlying personal injury action and to afford insurance coverage for the accident. However, Blue Ridge moved for summary judgment denying it had any such obligations and obtained a declaration to that effect. This appeal ensued.

Contrary to the plaintiffs' contention that they cannot be bound by Orlander's failure to give timely notice because they had independently notified Blue Ridge when they stipulated to extend Blue Ridge's time to answer, the Supreme Court correctly determined that the plaintiffs' notice was untimely as a matter of law because the plaintiffs did not exercise due dili-

gence in ascertaining the identity of Orlander's insurance company or in notifying Blue Ridge of the accident (see *Eveready Ins. Co. v Chavis,* 150 AD2d 332; *Serravillo v Sterling Ins. Co.,* 261 AD2d 384). The injured plaintiff's affidavit submitted in opposition to Blue Ridge's motion for summary judgment was insufficient to raise an issue of fact in this regard because it was inconsistent with his previous deposition testimony (see *O'Connor v Telephone Dynamics Corp.,* 269 AD2d 434).

Insurance Law § 3420 (a) (3) gives the injured party an independent right to give notice of an accident and to satisfy the notice requirement of a policy (see *Eveready Ins. Co. v Chavis, supra*) and, where the notice is provided directly by the injured party, the disclaimer must address with specificity the grounds for disclaiming coverage applicable to both the injured party as well as the insured (see *Massachusetts Bay Ins. Co. v Flood,* 128 AD2d 683). However, where the insured is the first to notify the carrier, even if that notice is untimely, any subsequent information provided by the injured party is superfluous for notice purposes and need not be addressed in the notice of disclaimer issued by the insurer (see *Massachusetts Bay Ins. Co. v Flood, supra*).

Moreover, contrary to the plaintiffs' contentions, the stipulation merely extended the time to answer and did not provide that Blue Ridge would answer or afford coverage. Furthermore, the stipulation was not binding on the parties (see CPLR 2104; *Klein v Mount Sinai Hosp.,* 61 NY2d 865).

The plaintiffs' remaining contentions are without merit. Smith, J.P., Goldstein, McGinity and Miller, JJ., concur.