■ ABRAHAM BECKER, Appellant, v COLONIAL COOPERATIVE INSURANCE COMPANY, Respondent. [806 NYS2d 720]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendant's insured, the plaintiff appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated December 15, 2004, which granted the defendant's motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the defendant's motion; as so modified, the order is affirmed, without costs or disbursements.

On December 20, 2000, the plaintiff allegedly sustained personal injuries when he slipped and fell on premises occupied by Weiss Kosher Bakery (hereinafter the Bakery) on 13th Avenue in Brooklyn. At the time of the incident, the Bakery was insured by a policy of liability insurance issued by the defendant Colonial Cooperative Insurance Company (hereinafter Colonial). Notwithstanding that counsel notified the bakery of the plaintiff's injuries within days after his fall, the Bakery failed to notify Colonial. The plaintiff sued the Bakery and, on or about December 10, 2002, obtained a default judgment in the total sum of $261,575.50.

On or about January 14, 2003, the Bakery faxed a copy of the default judgment to Colonial's agent, KRL Enterprises (hereinafter KRL), which immediately forwarded the judgment to Colonial. On or about January 17, 2003, Colonial disclaimed coverage due to late notice.

The plaintiff commenced this action in June 2003, against Colonial, seeking to compel payment of the Bakery's default judgment pursuant to Insurance Law § 3420 (a) (2). Following joinder of issue, Colonial moved for summary judgment, arguing that the first notice it received of the plaintiff's claim was more than two years after the accident, and that the Bakery had defaulted in its contractual notice obligations. Therefore, Colonial contended, it was justified in disclaiming coverage and was entitled to summary judgment dismissing the complaint.

The plaintiff cross-moved for summary judgment arguing, inter alia, that he was unable to ascertain the identity of the Bakery's liability carrier. The plaintiff did not dispute that the Bakery had failed to provide notice of the occurrence as required by the Colonial policy. However, the plaintiff argued that pursuant to the rule of *Lauritano v American Fid. Fire Ins. Co.* (3 AD2d 564 [1957], *affd* 4 NY2d 1028 [1958]), the Bakery's notice failure did not preclude the plaintiff's action against Colonial. Rather, insofar as the plaintiff was concerned, he could provide notice of his claim to Colonial within a reasonable time after learning the identity of the Bakery's carrier. Accordingly, he argued that the Bakery's notice failure did not warrant dismissal of the complaint, but that it was the plaintiff who deserved summary judgment.

In opposition to the cross motion, Colonial argued that the plaintiff's reliance upon *Lauritano* was misplaced because, while that case may permit an injured claimant to notify an insurer within a reasonable time after discovering the insurer's identity, here the plaintiff never even alleged that it ever notified Colonial. Rather, Colonial's first notice came from the Bakery when

it submitted the default judgment to KRL. Moreover, Colonial averred, it provided the plaintiff notice of its identity as the Bakery's insurer by sending the plaintiff a copy of its January 17, 2003, disclaimer letter, but the plaintiff still failed to send any notice to Colonial until five months later when it served Colonial with the pleadings commencing this action. Accordingly, Colonial argued, the plaintiff failed to exercise the due diligence required of him under *Lauritano*, thereby precluding relief.

In reply, the plaintiff argued that it first notified Colonial of this matter on January 16, 2003, when it mailed Colonial a copy of the default judgment, and thus had not delayed sending notice for five months as alleged by Colonial.

The Supreme Court granted Colonial's motion and denied the plaintiff's cross motion. The court held that unlike the plaintiff in *Lauritano*, the instant plaintiff failed to demonstrate that he exercised due diligence in attempting to ascertain Colonial's identity as the Bakery's carrier. Therefore, the court concluded, as a matter of law, that the plaintiff had not provided notice to Colonial as soon as practicable. We modify by denying Colonial's motion.

There is no question that the Bakery wholly and inexcusably failed to give Colonial notice of the plaintiff's claim in violation of the express requirements of the Colonial policy. However, while an insured's failure to provide notice may justify a disclaimer vis-à-vis the insurer and the insured, it does not serve to cut off the right of an injured claimant to make a claim as against the insurer. Insurance Law § 3420 (a) (2) expressly permits an injured party to recover any unsatisfied judgment against an insured, directly from the insurer. Insurance Law § 3420 (a) (3), in effect, requires insurance companies to accept notice of claims from injured parties. As was made clear more than 40 years ago, "[t]he statute having granted the injured person an independent right to give notice and to recover thereafter, he is not to be charged vicariously with the insured's delay" (*Lauritano v American Fid. Fire Ins. Co.*, 3 AD2d 564, 568 [1957], *affd* 4 NY2d 1028 [1958]). "The injured person's rights must be judged by the prospects for giving notice that were afforded him, not by those available to the insured. What is reasonably possible for the insured may not be reasonably possible for the person he has injured. The passage of time does not of itself make delay unreasonable" (*id.*). "When the injured party has pursued his rights with as much diligence 'as was reasonably possible' the statute shifts the risk of the insured's delay to the compensated risk-taker"(*id.*). Thus, the pertinent inquiry is whether the plaintiff pursued his rights with "as much diligence as was reasonably possible" (*id.*).

In determining the reasonableness of an injured party's notice, the notice required is measured less rigidly than that required of the insureds (*see GA Ins. Co. of N.Y. v Simmes,* 270 AD2d 664 [2000]). "The sufficiency of notice by an injured party is governed not by mere passage of time but by the means available for such notice" (*Appel v Allstate Ins. Co.,* 20 AD3d 367, 369 [2005] [internal quotation marks omitted] ; *see National Grange Mut. Ins. Co. v Diaz,* 111 AD2d 700, 701 [1985]). In support of its motion, Colonial wholly failed to even address the issue of the plaintiff's independent right to give notice, so clearly Colonial did not prove its prima facie entitlement to summary judgment dismissing the complaint. Likewise, in his cross motion, the plaintiff focused almost exclusively on his argument that unlike an automobile insurer, Colonial's identity as the bakery's carrier could not be ascertained independently. But he failed to offer any proof as to when he first provided notice to Colonial (*cf. Potter v North Country Ins. Co.,* 8 AD3d 1002 [2004]) or as to his alleged due diligence in attempting to ascertain Colonial's identity as the Bakery's insurer. Indeed, these issues were only addressed, and superficially at that, in the parties' respective reply papers. In short, numerous issues of fact remain to be resolved, thereby precluding judgment to either party at this juncture. S. Miller, J.P., Ritter and Skelos, JJ., concur.

Rivera, J., dissents and votes to affirm the order, with the following memorandum: I disagree with my colleagues' determination that "numerous issues of fact remain to be resolved, thereby precluding judgment to either party at this juncture." In my opinion, the defendant established its prima facie entitlement to judgment as a matter of law. "[T]he failure to comply with provisions of an insurance policy requiring timely notice of an accident vitiates the contract, both as to the insured and to one injured or damaged by his acts" (*Serravillo v Sterling Ins. Co.,* 261 AD2d 384 [1999]; *see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 440 [1972]). Here, the subject accident allegedly occurred on December 20, 2000. On January 14, 2003 the defendant received a fax from its agent, KRL Enterprises, advising that a default judgment had been obtained by the plaintiff against the defendant's insured, Weiss Kosher Bakery (hereinafter the Bakery). This was the *first* notice to the defendant regarding the alleged accident. The notice, which was provided more than two years after the subject accident, was late as a matter of law (*see Matter of First Cent. Ins. Co.,* 3 AD3d 494, 495 [2004]).

In opposition, the plaintiff failed to raise a triable issue of

fact. While an injured person has an "independent right" to give notice (*see* Insurance Law § 3420 [a] [3]; *Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, 568 [1957], *affd* 4 NY2d 1028 [1958]), "the injured party has the burden of proving that he or she, or counsel acted diligently in attempting to ascertain the identity of the insurer and, thereafter, expeditiously notified the insurer" (*see American Home Assur. Co. v State Farm Mut. Auto. Ins. Co.,* 277 AD2d 409, 410 [2000]). In the case at bar, the plaintiff's efforts in attempting to ascertain the defendant's identity were not diligent. The plaintiff concedes that "no" inquiries were made by him in an effort to obtain the identity of the Bakery's insurer. Essentially, the plaintiff speculates that any efforts on his part would have been fruitless. The record discloses that the plaintiff's efforts consisted only of notifying the Bakery by letter that the plaintiff had retained counsel, commencing the underlying action and serving the Bakery on two separate occasions with the summons and complaint. These scant efforts are not reasonable as a matter of law (*see Ringel v Blue Ridge Ins. Co.,* 293 AD2d 460, 461-462 [2002]; *Massachusetts Bay Ins. Co. v Flood,* 128 AD2d 683, 684 [1987]).

I note that in *Lauritano v American Fid. Fire Ins. Co.* (*supra* at 569), the plaintiff "constantly and aggressively pressed" a search for the necessary information regarding the insurer, which included, following up a "barrage" of letters with telephone calls, personal visits, and inquiries directed to the Motor Vehicle Bureaus of New York and Alabama, the Police Department, the Public Service Commission and the Interstate Commerce Commission (*see Lauritano v American Fid. Fire Ins. Co., supra* at 569). In contrast, the plaintiff in the instant case did not conduct *any* search whatsoever to locate the defendant.

Accordingly, the Supreme Court properly granted summary judgment in favor of the defendant.