THELMA STEINBERG et al., Appellants, v HERMITAGE INSURANCE Co., Respondent. [809 NYS2d 569]—

In an action to recover the amount of a judgment obtained against the defendant's insured, the plaintiffs appeal from an order of the Supreme Court, Queens County (Hart, J.), dated October 14, 2003, which granted the defendant's motion for summary judgment dismissing the complaint and denied their cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

On October 14, 1996, the plaintiffs' decedent (hereinafter the claimant) was injured when she tripped and fell on the front steps of the apartment building in which she lived. By letter dated November 19, 1997, the claimant's attorney notified the defendant's insured, which owned the building, of the claimant's

injuries, and suggested that the insured forward the letter to its insurance carrier "so that [its] rights may be protected." The insured did not do so, purportedly because it believed that it had no potential liability for the claimant's alleged injuries.

The claimant's attorney commenced an action against the insured shortly thereafter. The defendant received a copy of the summons and complaint in the action from its agent on January 20, 1998. By letter dated February 17, 1998, a copy of which was provided to the claimant's attorney, the defendant disclaimed coverage on the ground of late notice. The claimant's attorney did not provide notice of the occurrence to the defendant directly until August 13, 1998, after he had obtained a default judgment against the insured on July 24, 1998.

Where an insurance policy, such as the one in this case, requires an insured to provide notice of an accident or loss as soon as practicable, such notice must be provided within a reasonable time in view of all of the facts and circumstances (*see Merchants Mut. Ins. Co. v Hoffman*, 56 NY2d 799, 801-802 [1982]; *Travelers Indem. Co. v Worthy*, 281 AD2d 411 [2001]). "Providing an insurer with timely notice of a potential claim is a condition precedent, and thus '[a]bsent a valid excuse, a failure to satisfy the notice requirement vitiates the policy' " (*Sayed v Macari*, 296 AD2d 396, 397 [2002], quoting *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]; *see Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]).

The defendant established, prima facie, its entitlement to judgment as a matter of law by demonstrating that the insured did not provide it with notice of the occurrence for 57 days after it had become aware of the incident that gave rise to the claim (*see Deso v London & Lancashire Indem. Co. of Am.*, 3 NY2d 127, 130 [1957]; *Rushing v Commercial Cas. Ins. Co.*, 251 NY 302, 304 [1929]; *Safer v Government Empls. Ins. Co.*, 254 AD2d 344, 345 [1998]). The plaintiffs' opposition to the motion neither controverted the relevant facts asserted by the defendant nor offered a valid excuse for the delay, as it was required to do in order to avoid summary judgment dismissing the complaint (*see Fischer v Centurion Ins. Co.*, 9 AD3d 381, 382 [2004]; *Viggiano v Encompass Ins. Company/Fireman's Ins. Co. of Newark, N.J.*, 6 AD3d 695, 696 [2004]). The plaintiffs' claim that the delay was justified by the insured's "good faith belief" that it was not liable for the claimant's injuries is belied by evidence establishing that upon a reasonable investigation the insured should have realized that there was a reasonable possibility of liability (*see C.C.R. Realty of Dutchess v New York Cent. Mut.*

*Fire Ins. Co.*, 1 AD3d 304, 305 [2003]; *Sayed v Macari, supra* at 397; *Paramount Ins. Co. v Rosedale Gardens*, 293 AD2d 235, 240-242 [2002]).

Further, the defendant's disclaimer letter was, as a matter of law, issued within a reasonable time (*see New York Cent. Mut. Fire Ins. Co. v Majid*, 5 AD3d 447 [2004]; *Farmbrew Realty Corp. v Tower Ins. Co. of N. Y.*, 289 AD2d 284 [2001]; *State Farm Mut. Auto. Ins. Co. v Daniels*, 269 AD2d 860 [2000]) and the plaintiffs' argument that the defendant's disclaimer was insufficient is without merit. "[W]here the insured is the first to notify the carrier, even if that notice is untimely, any subsequent information provided by the injured party is superfluous for notice purposes and need not be addressed in the notice of disclaimer issued by the insurer" (*Ringel v Blue Ridge Ins. Co.*, 293 AD2d 460, 462 [2002]; *see Rochester v Quincy Mut. Fire Ins. Co.*, 10 AD3d 417, 418 [2004]; *Massachusetts Bay Ins. Co. v Flood*, 128 AD2d 683, 684 [1987]). Here, the claimant's attorney did not directly notify the defendant of the accident until after the insured had done so. Thus, the defendant was not required to cite the claimant's failure to provide direct notice in the disclaimer letter it had already issued to the insured (*see Travelers Indem. Co. v Worthy, supra* at 412; *Agway Ins. v Alvarez*, 258 AD2d 487, 488 [1999]).

While Insurance Law § 3420 (a) (3) provides an injured party with an independent right to provide an insurance carrier with written notice of an accident, the injured party is required, in order to rely upon that provision, to demonstrate that he or she acted diligently in attempting to ascertain the identity of the insurer, and thereafter expeditiously notified the insurer (*see General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 863-864 [1979]; *American Home Assur. Co. v State Farm Mut. Auto. Ins. Co.*, 277 AD2d 409, 410 [2000]; *Serravillo v Sterling Ins. Co.*, 261 AD2d 384, 385 [1999]; *Eveready Ins. Co. v Chavis*, 150 AD2d 332, 333 [1989]). The plaintiffs' failure to provide any explanation for the five-month delay in notifying the defendant of the incident precludes any such showing here (*see Trepel v Asian Pac. Express Corp.*, 16 AD3d 405, 406 [2005]; *Ringel v Blue Ridge Ins. Co., supra* at 461-462; *American Home Assur. Co. v State Farm Mut. Auto. Ins. Co., supra* at 410).

The plaintiffs' remaining contentions are without merit. Prudenti, P.J., Adams, Spolzino and Covello, JJ., concur.