■ SPENTREV REALTY CORP., Respondent, v UNITED NATIONAL SPECIALTY INSURANCE COMPANY, Respondent, and ANGEL MARTINEZ, Appellant. [933 NYS2d 725]—

Where an insurance policy, such as the one in this case, requires an insured to provide notice of an accident or loss as soon as practicable, such notice must be provided within a reasonable time in view of all of the facts and circumstances (*see Merchants Mut. Ins. Co. v Hoffman*, 56 NY2d 799, 801-802 [1982]; *Travelers Indem. Co. v Worthy*, 281 AD2d 411 [2001]). "Providing an insurer with timely notice of a potential claim is a condition precedent, and thus '[a]bsent a valid excuse, a failure to satisfy the notice requirement vitiates the policy' " (*Sayed v Macari*, 296 AD2d 396, 397 [2002], quoting *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]; *see Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]).

Insurance Law § 3420 (a) (3) gives the injured party an independent right to give notice of the accident and to satisfy the notice requirement of the policy. However, the injured party has the burden of proving that he or she, or counsel, acted diligently in attempting to ascertain the identity of the insurer, and thereafter expeditiously notified the insurer (*see Steinberg v Hermitage Ins. Co.*, 26 AD3d 426, 428 [2006]). "In determining the reasonableness of an injured party's notice, the notice required is measured less rigidly than that required of the insured[ ]" (*Malik v Charter Oak Fire Ins. Co.*, 60 AD3d 1013, 1016 [2009] [internal quotation marks omitted]). "The injured person's rights must be judged by the prospects for giving notice that were afforded him, not by those available to the insured. What is reasonably possible for the insured may not be reasonably possible for the person he has injured. The passage of time does not of itself make delay unreasonable" (*Lauritano v American Fid. Fire Ins. Co.*, 3 AD2d 564, 568 [1957], *affd* 4 NY2d 1028 [1958]).

The Supreme Court properly determined that the defendant Angel Martinez, the plaintiff in the underlying personal injury action, failed to raise a triable issue of fact sufficient to rebut the prima facie showing made by the defendant, United National Specialty Insurance Company (hereinafter United), in support of its cross motion for summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 327 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Likewise, Martinez failed to meet his prima facie burden on his motion for summary judgment. Here, no triable issues of fact exist as to whether Martinez failed to diligently ascertain the identity of United or exercised his right to timely notify it of his claim (*see* Insurance Law § 3420 [a] [3], [4]; *Steinberg v Hermitage Ins. Co.*, 26 AD3d 426 [2006]; *Trepel v Asian Pac. Express Corp.*, 16 AD3d 405, 406 [2005]; *Ringel v Blue Ridge Ins. Co.*, 293 AD2d 460, 461-462 [2002]; *American Home Assur. Co. v State Farm Mut. Auto. Ins. Co.*, 277 AD2d 409, 410 [2000]; *Lauritano v American Fid. Fire Ins. Co.*, 3 AD2d at 569).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant United National Specialty Insurance Company is not obligated to defend and indemnify the plaintiff, Spentrev Realty Corp., or Angel Martinez with respect to claims asserted in the underlying action (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed*

371 US 74 [1962], *cert denied* 371 US 901 [1962]). Angiolillo, J.P., Hall, Austin and Miller, JJ., concur. **[Prior Case History: 28 Misc 3d 1211(A), 2010 NY Slip Op 51262(U).]**