Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered April 20, 2012, which denied petitioner GEICO’s petition to permanently stay the uninsured motorist arbitration commenced by respondents, its insured, unanimously affirmed, without costs.
GEICO’s argument regarding the right of respondents, the injured parties, to provide separate notice of the claim under Insurance Law § 3420 (a) (3) was improperly raised for the first *412 time in its reply brief in further support of its petition. Accordingly, the IAS court was under no obligation to consider this fact-based argument (see e.g. Lumbermens Mut. Cas. Co. v Morse Shoe Co., 218 AD2d 624, 625 [1st Dept 1995]). In any event, the argument is unavailing, as there is no evidence in the record that respondents were diligent in ascertaining the identity of proposed additional respondent Mhbahfarma’s insurer or in notifying the insurer of the claim (see Tower Ins. Co. of N.Y. v Lin Hsin Long Co., 50 AD3d 305, 308 [1st Dept 2008]; Ringel v Blue Ridge Ins. Co., 293 AD2d 460, 461-462 [2d Dept 2002]). Indeed, although the police accident report prepared the night of the accident contained proposed additional respondent Praetorian’s policy number, respondents waited eight months to inform Praetorian of the accident (see Ringel, 293 AD2d at 461-462).
We have considered GEICO’s remaining arguments and find them unavailing. Concur — Andrias, J.P., Saxe, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ.