■ MARTIN KARL, Appellant, v NORTH COUNTRY INSURANCE COMPANY, Respondent. [28 NYS3d 78]—

In an action pursuant to Insurance Law § 3420 to recover the amount of an unsatisfied judgment from the defendant, the judgment debtor's insurer, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated November 13, 2013, which denied his motion for summary judgment on the complaint and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On March 31, 2010, a default judgment in favor of the plaintiff was entered against Crystal Garden Chinese Buffet (hereinafter Crystal Garden) and C.P.L. Restaurant, Inc. (hereinafter the Restaurant), in a personal injury action the plaintiff commenced against Crystal Garden and the Restaurant (hereinafter the underlying action). The underlying action arose out of an incident that occurred on December 22, 2006, when the plaintiff slipped and fell at Crystal Garden, which is owned by the Restaurant. At the time of the occurrence, Crystal Garden and the Restaurant had a policy of insurance with the defendant, North Country Insurance Company (hereinafter North Country). The policy required notice of the occurrence to be given to North Country as soon as practicable, and required legal papers to be forwarded promptly.

As is relevant to this appeal, the plaintiff commenced the underlying action in February 2008, and Crystal Gardens and the Restaurant were served with notice of entry of a default judgment in the underlying action in favor of the plaintiff on

May 28, 2010. Neither Crystal Gardens nor the Restaurant satisfied the judgment.

Although the plaintiff commenced the underlying action in February 2008, and was aware at that time that North Country was the insurer for Crystal Gardens and the Restaurant, North Country was notified for the first time of the commencement of the underlying action on June 27, 2008, when it received a copy of the summons and complaint from the plaintiff's counsel. On July 3, 2008, North Country disclaimed coverage based upon the plaintiff's failure to provide timely notice of the occurrence and timely notice of commencement of the lawsuit.

On July 28, 2010, the plaintiff commenced this action against North Country seeking to recover the amount of the unsatisfied judgment in the underlying action. The plaintiff moved for summary judgment on the complaint, and North Country crossmoved for summary judgment dismissing the complaint alleging, inter alia, that it had timely disclaimed coverage based, among other things, upon the untimely notice of the commencement of the underlying action. The Supreme Court granted North Country's cross motion based upon the untimely notice of the commencement of the underlying action. The plaintiff appeals.

North Country made a prima facie showing that it timely and properly disclaimed coverage based upon the plaintiff's failure to promptly forward a copy of the summons and complaint to North Country (*see American Tr. Ins. Co. v Sartor*, 3 NY3d 71, 79 [2004]; *O'Garro v State Farm Fire & Cas. Ins. Co.*, 96 AD3d 1027, 1028 [2012]; *Vernet v Eveready Ins. Co.*, 89 AD3d 725, 727 [2011]; *Liberty Moving & Stor. Co., Inc. v Westport Ins. Corp.*, 55 AD3d 1014, 1016 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted North Country's cross motion for summary judgment dismissing the complaint (*see O'Garro v State Farm Fire & Cas. Ins. Co.*, 96 AD3d at 1028; *Vernet v Eveready Ins. Co.*, 89 AD3d at 727).

In light of our determination, we need not reach the plaintiff's remaining contentions. Leventhal, J.P., Dickerson, Duffy and LaSalle, JJ., concur.