■ Mt. Hawley Insurance Company, Appellant, v Seville Electronics Trading Corp. et al., Respondents. (And a Third-Party Action.) [33 NYS3d 314]—

In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendants in an underlying action entitled *Seville Elec. Trading Corp. v D.P. Holding Corp.*, commenced in the Supreme Court, Suffolk County, under index No. 1042/06, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Santorelli, J.), dated June 19, 2014, as denied that branch of its motion which was, in effect, for summary judgment dismissing the counterclaim of the defendant Seville Electronics Trading Corp. pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment obtained in the underlying action and declaring that it is not obligated to satisfy the judgment obtained in the underlying action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was, in effect, for summary judgment dismissing the counterclaim of the defendant Seville Electronics Trading Corp. pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied obtained judgment in the underlying action and declaring that it is not obligated to satisfy the judgment obtained in the underlying action is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff has no obligation to Seville Electronics Trading Corp. in connection with the judgment obtained in the underlying action.

On September 15, 2005, a fire occurred at a building owned by the defendant D.P. Holding Corp. (hereinafter D.P. Holding) and occupied by the defendant Seville Electronics Trading Corp. (hereinafter Seville). On that date, D.P. Holding was a named insured under a policy of insurance issued by the plaintiff.

In 2006, Seville commenced an action against D.P. Holding entitled *Seville Elec. Trading Corp. v D.P. Holding Corp.* in the Supreme Court, Suffolk County, under index No. 1042/06 (hereinafter the underlying action), inter alia, to recover damages allegedly sustained by it as a result of the fire. Seville and D.P. Holding agreed to a settlement in the underlying action. As part of the settlement, Seville obtained a judgment by confession in its favor and against D.P. Holding in the amount of $819,574.35, and an assignment of D.P. Holding's rights under its insurance contract with the plaintiff.

Thereafter, the plaintiff commenced this action, inter alia, for a judgment declaring that it is not obligated to defend or indemnify either D.P. Holding or Seville in the underlying ac-

tion because it did not receive timely notice of the fire. Seville filed a counterclaim pursuant to Insurance Law § 3420 (a) (2) to recover from the plaintiff the amount of the unsatisfied judgment it obtained against D.P. Holding in the underlying action. As relevant to the instant appeal, the Supreme Court denied that branch of the plaintiff's motion which was for summary judgment dismissing that counterclaim and declaring that it is not obligated to satisfy the judgment obtained in the underlying action. The plaintiff appeals.

"Insurance Law § 3420 (a) (2) expressly permits an injured party to recover any unsatisfied judgment against an insured, directly from the insurer" (*Becker v Colonial Coop. Ins. Co.*, 24 AD3d 702, 704 [2005]). Insurance Law § 3420 (a) (3) requires the injured party to demonstrate that he or she acted diligently in attempting to ascertain the identity of the insurer, and thereafter expeditiously notified the insurer (*see Steinberg v Hermitage Ins. Co.*, 26 AD3d 426, 428 [2006]). "In determining the reasonableness of an injured party's notice, the notice required is measured less rigidly than that required of the insured[ ]" (*Malik v Charter Oak Fire Ins. Co.*, 60 AD3d 1013, 1016 [2009] [internal quotation marks omitted]; *see Spentrev Realty Corp. v United Natl. Specialty Ins. Co.*, 90 AD3d 636, 637 [2011]). "The injured person's rights must be judged by the prospects for giving notice that were afforded him, not by those available to the insured" (*Lauritano v American Fid. Fire Ins. Co.*, 3 AD2d 564, 568 [1957], *affd* 4 NY2d 1028 [1958]). "What is reasonably possible for the insured may not be reasonably possible for the person he has injured. The passage of time does not of itself make delay unreasonable" (*id.* at 568).

Here, the plaintiff made a prima facie showing that Seville failed to act diligently in attempting to ascertain the plaintiff's identity and in expeditiously notifying it. In opposition, Seville failed to raise a triable issue of fact (*see Spentrev Realty Corp. v United Natl. Specialty Ins. Co.*, 90 AD3d at 637; *Seneca Ins. Co. v W.S. Distrib., Inc.*, 40 AD3d 1068, 1070 [2007]; *Steinberg v Hermitage Ins. Co.*, 26 AD3d at 428; *Ringel v Blue Ridge Ins. Co.*, 293 AD2d 460, 461-462 [2002]; *cf. Malik v Charter Oak Fire Ins. Co.*, 60 AD3d at 1015-1016). Accordingly, the plaintiff was entitled to summary judgment dismissing Seville's counterclaim and declaring that it is not obligated to satisfy the judgment obtained in the underlying action.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff has no obligation to Seville Electronics Trading Corp. in connection with the judg-

ment obtained in the underlying action (*see Lanza v Wagner*, 11 NY2d 317 [1962]). Mastro, J.P., Rivera, Austin and LaSalle, JJ., concur.