■ LAZAR GLANZ, Appellant, v NEW YORK MARINE AND GENERAL INSURANCE COMPANY, Respondent. [54 NYS3d 50]—

In an action pursuant to Insurance Law § 3420 to recover the amount of an unsatisfied judgment against the defendant's insured, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated December 17, 2014, which denied his motion for summary judgment on the complaint and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On September 5, 2009, the plaintiff, Lazar Glanz, allegedly was injured when he tripped and fell on a sidewalk at 92-94 Penn Street in Brooklyn, a premises owned by 92-94 Penn, LLC (hereinafter Penn). Penn was insured by the defendant, New York Marine and General Insurance Company (hereinafter New York Marine). Glanz commenced an action to recover damages for personal injuries against Penn on October 27, 2010. Penn failed to appear or answer the complaint, and Glanz's motion for leave to enter a default judgment was

granted by order dated October 17, 2011. New York Marine first received notice from Penn of Glanz's action on November 14, 2011, and New York Marine disclaimed coverage on the basis of Penn's untimely notice of claim by letter dated December 15, 2011. By letter dated December 20, 2011, Glanz, by his attorneys, provided notice of his claim to New York Marine. On May 2, 2013, a default judgment in the principal sum of $285,822.50 was entered against Penn.

Glanz thereafter commenced this action pursuant to Insurance Law § 3420 to recover the amount of the unsatisfied judgment from New York Marine. Glanz moved for summary judgment on the complaint, and New York Marine cross-moved for summary judgment dismissing the complaint. The Supreme Court denied Glanz's motion and granted New York Marine's cross motion.

"Insurance Law § 3420 (a) (2) expressly permits an injured party to recover any unsatisfied judgment against an insured, directly from the insurer" (*Becker v Colonial Coop. Ins. Co.*, 24 AD3d 702, 704 [2005]). Insurance Law § 3420 (a) (3) requires the injured party to demonstrate that he or she acted diligently in attempting to ascertain the identity of the insurer, and thereafter expeditiously notified the insurer (*see Steinberg v Hermitage Ins. Co.*, 26 AD3d 426, 428 [2006]). "In determining the reasonableness of an injured party's notice, the notice required is measured less rigidly than that required of the insureds" (*Malik v Charter Oak Fire Ins. Co.*, 60 AD3d 1013, 1016 [2009] [internal quotation marks omitted]; *see Spentrev Realty Corp. v United Natl. Specialty Ins. Co.*, 90 AD3d 636, 637 [2011]). "The injured person's rights must be judged by the prospects for giving notice that were afforded him [or her], not by those available to the insured" (*Lauritano v American Fid. Fire Ins. Co.*, 3 AD2d 564, 568 [1957], *affd* 4 NY2d 1028 [1958]). "What is reasonably possible for the insured may not be reasonably possible for the person he [or she] has injured. The passage of time does not of itself make delay unreasonable" (*id.* at 568).

Here, New York Marine made a prima facie showing that Glanz failed to act diligently in attempting to ascertain New York Marine's identity and in expeditiously notifying it of his claim (*see Mt. Hawley Ins. Co. v Seville Elecs. Trading Corp.*, 139 AD3d 921 [2016]; *Karl v North Country Ins. Co.*, 137 AD3d 865 [2016]; *Spentrev Realty Corp. v United Natl. Specialty Ins. Co.*, 90 AD3d 636 [2011]; *Ringel v Blue Ridge Ins. Co.*, 293 AD2d 460, 462 [2002]). In opposition, Glanz failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320

[1986]). For those same reasons, Glanz failed to meet his prima facie burden on his motion for summary judgment on the complaint (*see Mt. Hawley Ins. Co. v Seville Elecs. Trading Corp.*, 139 AD3d 921 [2016]; *Karl v North Country Ins. Co.*, 137 AD3d 865 [2016]; *Spentrev Realty Corp. v United Natl. Specialty Ins. Co.*, 90 AD3d 636 [2011]; *Ringel v Blue Ridge Ins. Co.*, 293 AD2d at 462).

Further, Glanz's argument that New York Marine's disclaimer was ineffective against him is without merit. "[W]here the insured is the first to notify the carrier, even if that notice is untimely, any subsequent information provided by the injured party is superfluous for notice purposes and need not be addressed in the notice of disclaimer issued by the insurer" (*Ringel v Blue Ridge Ins. Co.*, 293 AD2d at 462; *see Rochester v Quincy Mut. Fire Ins. Co.*, 10 AD3d 417, 418 [2004]; *Massachusetts Bay Ins. Co. v Flood*, 128 AD2d 683, 684 [1987]).

Here, Glanz did not notify New York Marine of his claim until after the insured, Penn, had done so. Thus, New York Marine was not required to cite Glanz's failure to provide notice in its disclaimer letter of December 15, 2011 (*see Golebiewski v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 101 AD3d 1074 [2012]; *Steinberg v Hermitage Ins. Co.*, 26 AD3d 426, 428 [2006]; *Rochester v Quincy Mut. Fire Ins. Co.*, 10 AD3d 417 [2004]; *Ringel v Blue Ridge Ins. Co.*, 293 AD2d at 462). Glanz's remaining contention is improperly raised for the first time on appeal.

Accordingly, the Supreme Court properly granted the cross motion of New York Marine for summary judgment dismissing the complaint. For the same reasons, the court properly denied Glanz's motion for summary judgment on the complaint. Eng, P.J., Hall, Roman and Hinds-Radix, JJ., concur. ■