Henaghan v State Farm Fire & Cas. Co. (2019 NY Slip Op 06480)





Henaghan v State Farm Fire & Cas. Co.


2019 NY Slip Op 06480


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-10108
 (Index No. 12102/14)

[*1]Robert P. Henaghan, et al., appellants, 
v
State Farm Fire and Casualty Company, respondent, et al., defendant.


Joseph C. Stroble, Sayville, NY, for appellants.
Gerber Ciano Kelly Brady LLP, Buffalo, NY (Brian R. Biggie of counsel), for respondent.



DECISION & ORDER
In an action for a declaratory judgment, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated August 3, 2016. The order granted the motion of the defendant State Farm Fire and Casualty Company for summary judgment declaring that it is not obligated to pay a judgment obtained by the plaintiffs against the defendant Douglas Algie in an underlying action entitled Henaghan v Algie, commenced in the Supreme Court, Suffolk County, under Index No. 4233/08, and denied the plaintiffs' cross motion for summary judgment declaring that the defendant State Farm Fire and Casualty Company is obligated to defend and indemnify the defendant Douglas Algie in the underlying action.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the defendant State Farm Fire and Casualty Company is not obligated to pay a judgment obtained by the plaintiffs against the defendant Douglas Algie in an underlying action entitled Henaghan v Algie, commenced in the Supreme Court, Suffolk County, under Index No. 4233/08.
On September 15, 2007, the plaintiff Robert P. Henaghan (hereinafter the injured plaintiff) was injured when the defendant Douglas Algie hit him in the head with a barbell during an altercation between the two of them. At the time, Algie was 19 years old and resided in the household of nonparty Crystal Freeman Algie, also known as Chrystal Freeman-Garcia (hereinafter Freeman-Garcia), who was insured by the defendant State Farm Fire and Casualty Company (hereinafter State Farm). By letter dated October 31, 2007, the plaintiffs' counsel requested that Freeman-Garcia direct her insurance carrier to contact the plaintiffs' counsel to discuss the subject occurrence.
In February 2008, the injured plaintiff, and his wife suing derivatively, commenced a personal injury action (hereinafter the underlying action) against, among others, Algie to recover damages arising from the September 2007 occurrence. On or about March 13, 2008, State Farm received a copy of the summons and complaint filed in the underlying action. By letter dated April 3, 2008, State Farm disclaimed coverage to Algie on the ground, among others, that notice of the occurrence was untimely. After a nonjury trial in the underlying action in November 2013, the plaintiffs were awarded damages in the sum of $715,000. By letter dated December 3, 2013, the [*2]plaintiffs demanded payment from State Farm in connection with the underlying action. State Farm rejected the demand based on, inter alia, the untimely notice of the occurrence. On March 25, 2014, judgment was entered in the underlying action in favor of the plaintiffs and against Algie in the sum of $715,000.
Thereafter, the plaintiffs commenced this action for a judgment declaring that State Farm is obligated to defend and indemnify Algie in the underlying action. State Farm moved for summary judgment declaring that it is not obligated to pay the judgment in the underlying action. The plaintiffs opposed State Farm's motion and cross-moved for summary judgment declaring that State Farm is obligated to defend and indemnify Algie in the underlying action. In an order dated August 3, 2016, the Supreme Court granted State Farm's motion and denied the plaintiffs' cross motion. The plaintiffs appeal.
"[A]n insurer has the right to demand that it be notified of any loss or accident that is covered under the terms of the insurance policy. The purpose of such a requirement is to afford the insurer an opportunity to protect itself by, for example, investigating claims soon after the underlying events" (American Tr. Ins. Co. v Sartor, 3 NY3d 71, 75 [citations and internal quotation marks omitted]). Where, as here, an insurance policy requires that notice of an occurrence or loss be given "as soon as practicable," such notice constitutes a condition precedent to coverage, and notice must be provided within a reasonable time in view of all of the circumstances (Great Canal Realty Corp. v Seneca Ins. Co.,Inc., 5 NY3d 742, 743 [internal quotation marks omitted]; see Aspen Ins. UK Ltd. v Nieto, 137 AD3d 720, 720; Ponok Realty Corp. v United Natl. Specialty Ins. Co., 69 AD3d 596, 597). "Where there is no excuse or mitigating factor, the issue [of reasonableness] poses a legal question for the court, rather than an issue for the trier of fact" (Paul Developers, LLC v Maryland Cas. Ins. Co., 28 AD3d 443, 445 [internal quotation marks omitted]).
Here, State Farm established its prima facie entitlement to judgment as a matter of law declaring that it is not obligated to pay the judgment in the underlying action by demonstrating that it did not receive notice of the occurrence giving rise to the underlying action until approximately six months after the occurrence (see Albano-Plotkin v Travelers Ins. Co., 101 AD3d 657, 658-659; McGovern-Barbash Assoc., LLC v Everest Natl. Ins. Co., 79 AD3d 981, 983). In opposition, the plaintiffs failed to raise a triable issue of fact, including as to whether they made a reasonably diligent effort to ascertain the identity of Freeman-Garcia's insurer (see Glanz v New York Mar. & Gen. Ins. Co., 150 AD3d 704, 705; Mt. Hawley Ins. Co. v Seville Elecs. Trading Corp., 139 AD3d 921, 923; Ponok Realty Corp. v United Natl. Specialty Ins. Co., 69 AD3d at 598; Herold v East Coast Scaffolding, 208 AD2d 592). For the same reasons, the plaintiffs failed to meet their prima facie burden on their cross motion for summary judgment declaring that State Farm is obligated to defend and indemnify Algie in the underlying action (see Glanz v New York Mar. & Gen. Ins. Co., 150 AD3d at 705). Accordingly, we agree with the Supreme Court's determination granting State Farm's motion and denying the plaintiffs' cross motion.
In light of our determination, we need not reach the parties' remaining contentions.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that State Farm is not obligated to pay the judgment obtained by the plaintiffs against Algie in the underlying action (see Lanza v Wagner, 11 NY2d 317, 334; Mt. Hawley Ins. Co. v Seville Elecs. Trading Corp., 139 AD3d at 923-924).
AUSTIN, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court