21-1991
*Daytree at Cortland Square, Inc. v. Walsh*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> JOSÉ A. CABRANES,
> MICHAEL H. PARK,
> *Circuit Judges*.

_____

DAYTREE AT CORTLAND SQUARE, INC., THOMAS A. DATRE SR. and CLARA DATRE,

> *Plaintiffs-Appellants*,

v.                                                                          21-1991

MICHAEL P. WALSH, individually, MICHAEL TORRES, individually, ANTHONY S. SENFT, JR., individually, ROBERT L. CICALE, individually, TOWN OF ISLIP, STEVEN J. FLOTTERON, as councilman of the Town of Islip, JOHN C. COCHRANE, as councilman of the Town of Islip and TRISH BERGIN WEICHBRODT, as councilwoman of the Town of Islip,

> *Defendants-Appellees*,

EDWARD WALSH,

> *Defendant*.

For Plaintiffs-Appellants: ANDREW J. CAMPANELLI, Campanelli & Associates, P.C., Merrick, NY.

For Defendants-Appellees
Town of Islip, Steven J. Flotteron,
John C. Cochrane, and
Trish Bergin Weichbrodt: JOHN R. DICIOCCIO, Town Attorney of the Town of Islip, Islip, NY.

For Defendants-Appellees
Michael P. Walsh, Anthony S. Senft Jr.,
and Robert L. Cicale: TIMOTHY F. HILL, Messina Perillo LLP, Sayville, NY.

For Defendant-Appellee
Michael Torres: JOSEPH FERRANTE, Keahon, Fleischer & Ferrante, Hauppauge, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants ("Plaintiffs") Daytree at Cortland Square, Inc. ("Daytree"), Thomas A. Datre Sr. ("Datre Sr."), and Clara Datre (together with Datre Sr., the "Datres") appeal from a district court order granting summary judgment to Defendants-Appellees ("Defendants") Michael P. Walsh ("Walsh") and the Town of Islip, New York (the "Town"), among others. *See Daytree at Cortland Square, Inc. v. Walsh*, 2021 WL 3190384 (E.D.N.Y. July 28, 2021) (Block, *J.*).[1] Plaintiffs asserted claims for defamation, stigma-plus, and conspiracy under 42 U.S.C. § 1983 in connection with a letter ("the Walsh Letter") sent to Daytree's insurers by Walsh, the Town's

---

[1] Plaintiffs initially named Edward Walsh as a defendant below, but "Plaintiffs voluntarily withdrew all their claims against" him in the district court. *Id.* at *4.

Deputy Town Attorney, to notify these insurers that the Town had a potential legal claim against Daytree in connection with the 2014 discovery of toxic, asbestos-laden construction waste that had been dumped in Roberto Clemente Park (the "Park"), a Town facility (the "Waste Dumping"). *Id.* at *1.[2] Plaintiffs additionally asserted a breach-of-contract claim arising from the Town's cancellation of a contract with Daytree for tree removal services (the "Tree Contract"). We assume the parties' familiarity with the facts and the procedural history of this case and the issues on appeal, which we discuss only as necessary to explain our decision to **AFFIRM**.

*       *       *

We review a district court's grant of summary judgment *de novo*, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Ne. Research, LLC v. One Shipwrecked Vessel*, 729 F.3d 197, 207 (2d Cir. 2013).[3] "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Zaretsky v. William Goldberg Diamond Corp.*, 820 F.3d 513, 519 (2d Cir. 2016) (quoting Fed. R. Civ. P. 56(a)). "We may affirm summary judgment on any ground supported by the record, even if it is not one on which the district court relied." *McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012).

---

[2] The Datres are principals of Daytree. The Suffolk County District Attorney's Office (the "DA's Office") subsequently indicted Datre Sr. and the Datres' son, Thomas Datre Jr. ("Datre Jr."), on charges related to the Waste Dumping and Datre Jr. thereafter pled guilty to four felonies. The DA's Office dismissed the charges against Datre Sr. The State of New York and the Town have since sued various defendants, including the Datres, Datre Jr., and Daytree, for claims arising out of the Waste Dumping. Those lawsuits are ongoing. *See Seggos v. Datre*, 2022 WL 219960 (E.D.N.Y. Jan. 25, 2022); *Town of Islip v. Datre*, 2022 WL 445680 (E.D.N.Y. Feb. 14, 2022). Separately, Daytree also pleaded guilty to violating New York's prevailing-wage law.

[3] Unless otherwise noted, we omit all internal citations, quotation marks, alterations, emphases, and footnotes from citations.

## I. Defamation, Stigma-Plus, and Conspiracy Claims

At the start, we conclude that the district court properly granted summary judgment to Defendants on Plaintiffs' defamation claim because the allegedly defamatory statements in the Walsh Letter are absolutely privileged.[4] We apply New York law to this claim. *See Promisel v. First Am. Artificial Flowers*, 943 F.2d 251, 257 (2d Cir. 1991) ("In applying pendent jurisdiction, federal courts are bound to apply state substantive law to the state claim."). Under New York law, "[p]ublic policy requires that certain communications," even if "defamatory, are privileged, and may not serve as the basis for a defamation action." *Boice v. Unisys Corp.*, 50 F.3d 1145, 1149 (2d Cir. 1995). "[A]n official [who] is . . . entrusted by law with administrative or executive policy-making responsibilities of considerable dimension" is absolutely immune from defamation liability for "statements made during the discharge of those responsibilities about matters which come within the ambit of those duties." *Clark v. McGee*, 49 N.Y.2d 613, 617 (1980). This immunity extends to "municipal executive[s]," *Sheridan v. Crisona*, 14 N.Y.2d 108, 112 (1964), and "those of subordinate rank who exercise delegated powers," *Ward Telecomms. & Comput. Servs., Inc. v. New York*, 42 N.Y.2d 289, 292 (1977). "One who enjoys the absolute privilege . . . may not be sued no matter how malicious his state of mind." *Boice*, 50 F.3d at 1149.

The district court correctly held the statements in the Walsh Letter are absolutely privileged because they were "made in the discharge of Michael Walsh's official responsibilities as Deputy Town Attorney and came within the ambit of his duties." *Daytree*, 2021 WL 3190384, at *3.

---

[4] Plaintiffs do not contest Defendants' assertion that no appellee other than Walsh "made any [allegedly] defamatory statements whatsoever." Town of Islip Appellees' Br. 29. Nor do Plaintiffs dispute that the Walsh Letter is the sole basis for their defamation claim. *See id.* at 27.

Plaintiffs disagree, arguing that the portion of the Letter blaming Daytree for the Waste Dumping was "not necessary to the performance of Walsh's governmental duties." Appellants' Br. 10. But Walsh's duties as Deputy Town Attorney included "providing notice to . . . insurers concerning insured losses." Joint App'x 1199. New York's insurance law "allows an injured party with an unsatisfied judgment against an insured party to sue the insurer for satisfaction of the judgment in some circumstances," *Cont'l Ins. Co. v. Atl. Cas. Ins. Co.*, 603 F.3d 169, 174 (2d Cir. 2010) (citing N.Y. Ins. Law § 3420(a)(2)); *see also Lang v. Hanover Ins. Co.*, 3 N.Y.3d 350, 354–55 (2004), and "permits the injured party to give notice to the insurer to protect that right of direct action," *Cont'l Ins. Co.*, 603 F.3d at 174 (citing N.Y. Ins. Law § 3420(a)(3)); *see also Becker v. Colonial Coop. Ins. Co.*, 24 A.D.3d 702, 704 (2d Dep't 2005). Importantly, "to rely upon that provision," the injured party "is required . . . to demonstrate that he or she acted diligently in attempting to ascertain the identity of the insurer, and thereafter expeditiously notified the insurer." *Steinberg v. Hermitage Ins. Co.*, 26 A.D.3d 426, 428 (2d Dep't 2006) (citing, among others, *Gen. Accident Ins. Grp. v. Cirucci*, 46 N.Y.2d 862, 863 (1979)); *see also Am. Home Assurance Co. v. State Farm Mut. Auto. Ins. Co.*, 277 A.D.2d 409, 410 (2d Dep't 2000) ("The notice must be given as soon as reasonably possible." (citing N.Y. Ins. Law § 3420(a)(4)); *Glanz v. N.Y. Marine & Gen. Ins. Co.*, 150 A.D.3d 704, 705–06 (2d Dep't 2017) (granting summary judgment for insurance company and against injured party for failure to satisfy this requirement).

There is thus no material issue of fact as to whether sending the Walsh Letter fell within the scope of Walsh's responsibility to protect the Town—and its taxpayers—from the risk that it would be forced to shoulder the costs arising out of the Waste Dumping if the Town obtained a judgment against Daytree that Daytree proved unable to satisfy. After it learned about the toxic waste in the Park, the Town was required to act "expeditiously," *Glanz*, 150 A.D.3d at 705, to

"give notice to" Daytree's "insurer[s] to protect" its right to recover from them, *Cont'l Ins. Co.*, 603 F.3d at 174. Walsh therefore acted squarely within the ambit of his duty to protect the public fisc when he sent the letters to Daytree's insurers. Plaintiffs resist this conclusion, arguing that Walsh knew or recklessly disregarded that certain statements in the Walsh Letter were false. Reply Br. 3. But even if the record supported this argument, under the absolute privilege doctrine, a "plaintiff cannot maintain a defamation claim against [a] defendant based upon statements 'emanating from official reports and communications.'" *Krusen v. Moss*, 174 A.D.3d 1180, 1181 (3d Dep't 2019) (quoting *Mahoney v. Temp. Comm'n of Investigation*, 165 A.D.2d 233, 238 (3d Dep't 1991)). And, in any event, a government official "may not be sued" for defamation based on an absolutely privileged statement "no matter how malicious his state of mind." *Boice*, 50 F.3d at 1149.

Next, our conclusion that summary judgment was properly afforded on the defamation claims also disposes of Plaintiffs' stigma-plus and § 1983 conspiracy claims against all the Defendants. To prevail on a "stigma-plus" defamation claim, a plaintiff must show, among other things, "that [she was] defamed." *Abramson v. Pataki*, 278 F.3d 93, 101 (2d Cir. 2002); *see also Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 n.16 (2d Cir. 2001) ("Defamation and stigma are virtually synonymous."), *rev'd on other grounds sub nom. Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1 (2003). Because Plaintiffs have not made that showing, Defendants are entitled to summary judgment on Plaintiffs' stigma-plus claim. And because Plaintiffs' stigma-plus claim fails, they have failed to show an underlying constitutional violation as required for a § 1983 conspiracy claim. *See Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009) (per curiam).

## II.    Breach-of-Contract Claim

We conclude, finally, that the district court correctly granted summary judgment on Plaintiffs' breach-of-contract claim.    Plaintiffs admit that Daytree breached the Tree Contract.    *Daytree*, 2021 WL 3190384, at \*5.    "New York Labor Law § 220, known as the 'prevailing wage law,' requires that all employees on public work projects be paid the prevailing rate of wages and supplements for the locality in which the project is located."    *Titan Indem. Co. v. Triborough Bridge & Tunnel Auth.*, 135 F.3d 831, 835 (2d Cir. 1998); *see also Ramos v. SimplexGrinnell LP*, 740 F.3d 852, 855 (2d Cir. 2014) (under New York law, "every public works contract must provide that all laborers employed by the contract will be paid prevailing wages" (citing N.Y. Lab. Law 220(3)(a)).    In compliance with these legal requirements, the Tree Contract required Daytree to pay prevailing wages.    *See* Joint App'x 745–46.    In 2016, Daytree pleaded guilty to violating the prevailing-wage law, *see Daytree*, 2021 WL 3190384, at \*5; Joint App'x 387–88, and agreed to pay 13 employees approximately $90,000 in back wages, Joint App'x 1188.

The district court granted summary judgment on Plaintiffs' breach claim because it concluded that Daytree's violation of the prevailing-wage law was a "prior, material breach" that excused the Town from further performance.    *Daytree*, 2021 WL 3190384, at \*5 (citing *New Windsor Volunteer Ambulance Corps, Inc. v. Meyers*, 442 F.3d 101, 117 (2d Cir. 2006)).    We affirm for a different reason.    The Tree Contract expressly provides that the Town may terminate the contractual relationship if Daytree violates "laws" or otherwise "substantial[ly] violat[es] . . . any provisions of this contract."    Joint App'x 755.    The Town thus did not breach the Tree Contract by exercising this right.    Plaintiffs argue that because the Town learned about Daytree's prevailing-wage-law violation after it terminated the Tree Contract, that violation cannot justify the Town's decision to terminate.    But under New York law, "[w]hen a party terminates a contract

with an express 'for cause' termination provision, evidence discovered after the alleged breach can be used by the breaching party to justify its termination." *Rockland Exposition, Inc. v. All. of Auto. Serv. Providers*, 894 F. Supp. 2d 288, 342 n.49 (S.D.N.Y. 2012); *see also Kerns, Inc. v. Wella Corp.*, 114 F.3d 566, 570 (6th Cir. 1997) ("New York courts would not bar the use of after-acquired evidence in a contract action." (cited in *Carroll v. Bayerische Landesbank*, 150 F. Supp. 2d 531, 536–37 (S.D.N.Y. 2001)); *RDI Corp. v. Charter Commc'ns., Inc.*, 2022 U.S. Dist. LEXIS 38123, at *39 (S.D.N.Y. Jan. 31, 2022) (citing, among others, *Daytree*, 2021 WL 3190384, at *5); *Capuano v. Island Computer Prods.*, 382 F. Supp. 2d 326, 341 n.4 (D. Conn. 2005) (citing, among others, *Robitzek v. Reliance Intercontinental Corp.*, 7 A.D.2d 407, 408–09 (1st Dep't 1959)). For these reasons, we affirm the grant of summary judgment on Plaintiffs' breach-of-contract claim.

\* \* \*

We have considered Plaintiffs' remaining arguments and conclude that they lack merit. We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8